STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN WIEDENMAYER, PLAINTIFF IN ERROR.

Submitted January 20, 1942—Decided March 21, 1942.

Before Brogan, Chief Justice, and Justice Heher.

For the defendant in error, *William A. Wachenfeld,* Prosecutor of the Pleas; *Leon W. Kapp,* Second Assistant Prosecutor, and *C. William Caruso,* Special Assistant Prosecutor.

For the plaintiff in error, *Bozza & Bozza (Samuel D. Bozza,* of counsel).

Brogan, Chief Justice. Plaintiff in error, convicted of open lewdness in the Essex County Court of Quarter Sessions, brings up his conviction by strict writ of error. The sole assignment of error is the court's refusal to permit a witness, defendant's mother, to testify at his trial concerning the whereabouts of the accused on March 25th, 1939, the date on which, according to the indictment, the defendant committed the crime. The defendant had testified that on the day in question he was not at his home in the City of Newark, where the offense was alleged to have been committed but that he was in New York at the Hotel Latham, the winter residence of his mother and himself. His mother, called as a witness to corroborate the defendant's alibi, was not permitted, under the court's ruling, to testify that on the day in question the defendant was not in Newark, New Jersey, but was elsewhere. The court sustained an objection by the state's attorney to questions obviously intended to support the testimony of alibi. The objection was sustained on the theory that our statute (*R. S.* 2:190-7) placed a duty on the defendant to "furnish the prosecutor of the pleas with notice of an alibi." This ruling was incorrect and constitutes reversible error.

The statute passed in 1934 (chapter 95, page 277) as a supplement to the Revision of 1898 (chapter 237, page 866) now *R. S.* 2:190-7, provides as follows:

"If a defendant is to rely in any way at the trial on an alibi, he shall, on written demand of the prosecutor of the

pleas or other prosecuting officer, furnish a written bill of particulars, signed by him, and stating the specific place or places at which the defendant claims to have been at the time of the alleged offense, and the names and addresses of the witnesses upon whom he intends to rely to establish such alibi. Such particulars shall be furnished the prosecutor of the pleas or other prosecuting officer within five days from the service of such demand.

"Within two days after receipt of such bill of particulars from the defendant, the prosecutor of the pleas or other prosecuting officer shall, on written demand therefor, furnish the defendant or his attorney with a written bill of particulars stating the names and addresses of the witnesses upon whom the state intends to rely to establish defendant's presence at the scene of the alleged offense."

The learned trial judge evidently thought that this statute required the defendant to advise the prosecutor of the pleas that an alibi was to be offered as defense to the charge. But the statute puts no such burden upon the defendant. A penal statute, such as this one is, must be strictly construed. Further, a statute in derogation of the common law, such as this one also is, must be construed strictly in accordance with its plain and unambiguous expression. The defendant is required to furnish a written bill of particulars concerning alibi, but only after a written demand therefor is first made by the state's attorney. The sanction for failure to furnish the particulars is also provided for. Cf. 2:190-8.

In support of the judgment it is argued by the state's attorney that Mrs. Wiedenmayer did in fact testify that her son was not at the Mount Prospect Avenue address in Newark on the date in question. But this does not vindicate the judgment on an issue such as this. She may have desired to state other details concerning his absence from the state, which might have impressed the jury. The questions were addressed to her for that very purpose and even though she answered some of these questions, against the admonitions of court and counsel, she was, as a matter of law under the circumstances exhibited, entitled to be fully heard. The testimony intended to meet the charge of the indictment on a most

important issue, was vital to the defense. In the absence of written demand for particulars by the state's attorney his objection to the questions addressed to the witness should have been overruled.

. The judgment is reversed, and a *venire de novo* should issue.