Commonwealth *v.* Gonzales, Appellant.

Argued June 20, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Carolyn Engel Temin*, Assistant Defender, with her *Melvin Dildine*, Assistant Defender, and *Herman I. Pollock*, Defender, for appellant.

*Joseph M. Smith*, Assistant District Attorney, with him *Edwin D. Wolf* and *Alan J. Davis*, Assistant District Attorneys, *Richard A. Sprague*, First Assistant District Attorney, and *Arlen Specter*, District Attorney, for Commonwealth, appellee.

OPINION BY WRIGHT, J., July 10, 1967:

Victor Gonzales was indicted by the Grand Jury in the Court of Quarter Sessions of Philadelphia County on a charge of aggravated robbery at the Humpty Dumpty Bar, 1301 Germantown Avenue. Timely notice was filed under Pa. R. Crim. P. No. 312 of the intention to offer the defense of alibi. This notice was signed by the attorney for Gonzales. It set forth that, at the time of the alleged offense, Gonzales was at 2529 N. Hope Street, and proposed to call one Marie Julia of that address as a witness. The case was tried before Honorable EDWARD LEROY VAN RODEN, specially presiding, and a jury. The testimony of the designated alibi witness was excluded by the trial judge on the

ground that the notice was not signed by the defendant personally. The jury returned a verdict of guilty, motions for new trial and in arrest of judgment were overruled, and sentence was imposed. This appeal followed.

The issue before us requires an interpretation of Pa. R. Crim. P. No. 312 which is set forth in the footnote.[1] The constitutionality of this rule was upheld in *Commonwealth v. Vecchiolli*, 208 Pa. Superior Ct. 483, 224 A. 2d 96, wherein we concluded that the manner in which the trial judge had applied the sanction of the rule was entirely reasonable. Our next consideration of the rule was in *Commonwealth v. Shider*, 209 Pa. Superior Ct. 133, 224 A. 2d 802, wherein we held that the trial judge erred in refusing to permit the defendant's wife to testify although her name had not been listed as one of the witnesses in the alibi notice. We pointed out in the *Shider* case that Rule No. 312

---

[1] "(a) When a defendant intends to offer the defense of alibi at trial, he shall at any time before or after indictment but not later than five days before trial, file notice with proof of service on the attorney for the Commonwealth, specifying his intention to claim such defense and giving the place where he will claim to have been at the time of the alleged offense and the names and addresses of the witnesses he intends to call in support of such claim.

"(b) Unless the interests of justice require it, on a defense of alibi a defendant may not call any witness not named in such notice, or any witness on an alibi different from that alleged in the notice.

"(c) A defendant may himself testify concerning an alibi notwithstanding he has not filed notice, but if he has filed notice and testifies concerning his presence at the time of the offense at a place different from that specified in his notice, he may be cross-examined concerning such notice.

"(d) No adverse inference may be drawn against a defendant, nor may any comment be made concerning his failure to call available alibi witnesses, where such witnesses have been prevented from testifying by reason of this rule, unless the defendant or his counsel shall attempt to explain such failure to the jury".

60

was intended to enable the Commonwealth to make a preliminary investigation of the truth or falsity of the proposed alibi, and stated that the "underlying purpose of the rules is not to create a game, but to insure a fair trial from the standpoint of both the defendant and the Commonwealth."

Rules and statutes requiring a defendant to give notice of the defense of alibi are in derogation of the common law and must be strictly construed. Cf. *State v. Wiedenmayer*, 128 N. J. L. 239, 25 A. 2d 210. The New Jersey statute dealing with notice of alibi expressly requires the defendant to furnish a bill of particulars "signed by him". In the absence of an explicit statement to that effect, a requirement that the defendant personally sign the alibi notice may not be read into the Pennsylvania rule. Here pertinent is the following excerpt from our opinion in the *Shider* case: "The spirit of the rule had been met. The district attorney had full notice of the alibi. He was provided with the information required to make any investigation deemed necessary. No element of surprise was involved". In brief, we are completely unable to agree with the Commonwealth's argument in the instant case that a notice unsigned by the defendant "is the same as no notice at all".

Judgment reversed with a venire.