Commonwealth *v.* Vecchiolli et al., Appellants.

484

Argued September 16, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Joyce Ullman,* for appellants.

*George T. McKinley,* Assistant District Attorney, with him *John Deutsch,* First Assistant District Attorney, and *George Kerestes,* District Attorney, for Commonwealth, appellee.

OPINION BY ERVIN, P. J., November 17, 1966:

The defendants, Frank and Libby Vecchiolli, who are husband and wife, were found guilty by a jury of the crime of assault with intent to rob. After the disposition of the motion for new trial, listing a total of 52 reasons therefor, sentences of imprisonment were imposed and the defendants have appealed therefrom. No fault was found as to the charge of the court and all of the defendants' points for charge were affirmed.

The victim, Mary Chaplinsky, a 62-year old woman, testified that on September 10, 1964 the two defendants gained access to her home some time between nine and ten o'clock in the morning by telling her that they

were friends of her son and that he had suggested that they stop to see her for a social visit if they were in town. She testified that after entering the house they assaulted her and that she screamed and they continued to beat her. She also testified that Libby pulled a gun out of her pocketbook and was holding it upon her and threatened to kill her while Frank continued to beat her. Her teeth were knocked out, her glasses were knocked off and she was left upon the floor of her kitchen when the neighbors came in and caused the defendants to flee. She was immediately taken to the hospital where she remained from Thursday morning until Saturday. Dr. Erskine testified that she had bruises and swelling involving the entire left side of her face; her nose was flattened and she was bleeding from her nose and also from her mouth and she had a bruise on her right knee which was quite painful. The defendants presented a defense of alibi. Mrs. Chaplinsky, the victim, in open court identified both of the defendants as her assailants.

In addition to the testimony of the victim, the Commonwealth presented one Dolores Shapiro, who admitted in direct examination that she was serving a sentence in the Carbon County prison for the crime of burglary and larceny of the Seaboldt home in Carbon County. This crime was committed in conjunction with George Bricker. She further testified that she first met the Vecchiollis in August of 1964 with George Bricker in a room at the Americana Motel in Philadelphia and that she then later, some time in August 1964, met the Vecchiollis at her home in Philadelphia when George and Diane Bricker and Libby and Frank Vecchiolli drove there. She was permitted to testify under objection that "They said they had just returned from upstate where they had been involved in a burglary." She also met the Vecchiollis several times after that in August 1964 when they came to visit her

in her home in Philadelphia. On September 9, on one of these occasions, she testified, the defendants were at her home and they planned to rob Mrs. Chaplinsky in Palmerton, Carbon County, and it was decided that the defendants would go early the next morning to Carbon County and go ahead with the plan. She testified that the defendants stayed at her home that evening and arose very early, approximately six a.m. the next morning, and left her home about seven o'clock in the morning. She described how they dressed. She also testified that later on in the afternoon of September 10, 1964, Libby Vecchiolli called her on the telephone and told her, "Don't talk, things went wrong. I will call you later." She also testified that in the early part of the evening of September 10, 1964 the defendants both came to her home and they then told her how the day had gone and corroborated the story told by Mrs. Chaplinsky. From the above recital it is clear that the evidence was sufficient to justify a verdict of guilty.

On their appeal the defendants have raised a number of questions which will now be disposed of.

The first two questions are concerned with the number of challenges to which the defendants were entitled on the charge of assault with intent to rob. The Act of March 6, 1901, P. L. 16, §1, as amended, 19 PS §811, provides that "In all trials for misdemeanors, except for perjury, forgery and misdemeanors triable exclusively in the courts of oyer and terminer and general jail delivery, the Commonwealth and the defendant shall each be entitled to six peremptory challenges; in the trial of felonies, other than those triable exclusively in the courts of oyer and terminer and general jail delivery, and in the trial of persons charged with perjury and forgery, the Commonwealth and the defendant shall each be entitled to eight peremptory challenges, and in the trial of misdemeanors

and felonies, triable exclusively in the courts of oyer and terminer and general jail delivery, the Commonwealth and the defendant shall each be entitled to twenty peremptory challenges; . . . ."

The crimes triable exclusively in the court of oyer and terminer are set forth in the Act of March 31, 1860, P. L. 427, §31, 17 PS §391, as follows: "The courts of oyer and terminer and general jail delivery shall have power— . . . to try . . .

"3. All persons charged with sodomy, buggery, rape or robbery, their counsellors, aiders and abettors."

Assault with intent to rob is not robbery and it is not specifically mentioned as one of the crimes triable exclusively in oyer and terminer. Jointly indicted defendants receive the same number of peremptory challenges as one defendant: Act of March 31, 1860, P. L. 427, §40, 19 PS §785; *Com. v. Deutsch,* 72 Pa. Superior Ct. 298, 308. Furthermore, there is no constitutional right to peremptorily challenge but the right is legislative in origin: *Com. v. DiFilippo,* 176 Pa. Superior Ct. 608, 109 A. 2d 224.

The trial court refused to permit the defense to call an alibi witness because there was no prior notice of the name of the witness given to the district attorney in advance of the witness being called. The ruling was based upon Rule No. 312 of the Pa. Rules of Criminal Procedure, which provides as follows: "(a) When a defendant intends to offer the defense of alibi at trial, he shall at any time before or after indictment but not later than five days before trial, file notice with proof of service on the attorney for the Commonwealth, specifying his intention to claim such defense and giving the place where he will claim to have been at the time of the alleged offense and the names and addresses of the witnesses he intends to call in support of such claim.

"(b)  Unless the interests of justice require it, on a defense of alibi a defendant may not call any witness not named in such notice, or any witness on an alibi different from that alleged in the notice."

The appellants argue that the rule is unconstitutional in that it deprives a defendant of his right to present an alibi witness whose credibility should be for the jury to determine.  In this case, at half past ten on the morning of the last day of the trial, the court gave defense counsel the opportunity to give the district attorney the names of the alibi witnesses that she intended to call and stated that if she would do this, they would be permitted to testify, thereby waiving the five-day rule heretofore mentioned.  Defense counsel gave the names of two alibi witnesses to the district attorney but did not give the name of a third alibi witness even though that third witness was then present in court.  When she later on in the day attempted to have the third alibi witness testify the court excluded that witness' testimony.  Rule 312 does not absolutely prohibit the testimony of alibi witnesses. It imposes reasonable conditions for the presentation of such evidence.  Statutes of this kind have generally been held to be constitutional. *People v. Schade,* 292 N.Y.S. 612; *State v. Thayer,* 124 Ohio St. 1, 176 N.E. 656; *State v. Rider,* 194 Kan. 398, 399 P. 2d 564; *State v. Kopacka,* 261 Wis. 70, 51 N.W. 2d 495, 30 A.L.R. 2d 476.  Furthermore, the manner in which the trial court in this case applied the sanction of the rule was entirely reasonable.

We can find no abuse of discretion in the trial judge's refusal to sequester the Commonwealth's witnesses.  When this motion was made the court ascertained that the Commonwealth's witnesses were to be Mrs. Dolores Shapiro, who was not present when the crime was committed, Mrs. Mary Chaplinsky, the victim of the crime, and Dr. Allen Erskine, who was to

testify as to her injuries, and then determined to refuse the motion to sequester the witnesses. This was a proper exercise of discretion and we will not overrule it. *Com. v. Kravitz*, 400 Pa. 198, 218, 161 A. 2d 861.

The appellants also complain of the trial judge's refusal of their motion for the selection of a new jury after an eight-day recess and also of the refusal of defendants' motion to confine the jury during the trial of the case. This was within the discretion of the trial court and we find no abuse of that discretion. The jury was properly cautioned on each separation. The eight-day adjournment occurred because of the defendants' request therefor. The court permitted the Commonwealth to amend its indictment, changing the date of the assault from September 11, 1964 to September 10, 1964. Counsel for the defendants then asked for a delay, which the court granted. No evidence was produced by the defense to show that the defendants were prejudiced by this delay.

The defendants objected to the testimony of Dolores Shapiro when she related a conversation that took place in her home some time during the month prior to the present crime, at which time both of the defendants and George and Diane Bricker were present, wherein they admitted that they had just returned from upstate where they had been involved in a burglary. Dolores Shapiro had also testified that she was serving a sentence for burglary and larceny of the Seaboldt home in Carbon County with George Bricker. Her testimony in greater detail revealed the association between the defendants, the Brickers and Dolores Shapiro.

While the crimes of burglary and assault with intent to rob are not the same crimes, they have much in common. In both cases the final objective is to acquire another person's money or valuables. All of these parties were living in the vicinity of Philadelphia and com-

mitted their crimes in upstate communities and within a reasonably short period of time, two of which crimes were committed in Carbon County and the locale of the third crime is not specifically described. The mere fact that the proof of these crimes came out of the mouths of the participants rather than by showing convictions therefor is immaterial. There could be no stronger proof of a crime than the admission of a participant.

So much has been said upon this subject by our appellate courts that little further need now be said in this opinion. While the principle and the many exceptions have been well defined, the subject continues to be difficult of application to a particular set of facts and continues to give the courts considerable difficulty. Chief Justice HORACE STERN, in the case of *Com. v. Wable*, 382 Pa. 80, 114 A. 2d 334, gives the general rule and then states: "But it is also true that sometimes there exist the 'special circumstances' which operate as exceptions to the general rule, and bring the case within the equally well established principle that evidence of other crimes *is* admissible when it tends to prove a common scheme, plan or design embracing the commission of two or more crimes so related to each other that proof of one tends to prove the others or to establish the identity of the person charged with the commission of the crime on trial,—in other words where there is such a logical connection between the crimes that proof of one will naturally tend to show that the accused is the person who committed the other. A veritable multitude of authorities in our appellate courts enunciate, albeit in varying language, this familiar principle."

In *Com. v. Williams*, 307 Pa. 134, 160 A. 602, Mr. Justice KEPHART (later Chief Justice), at page 148, said: "Prior convictions can be admitted in evidence to show intent, scienter, motive, identity, plan, or the

accused to be one of an organization banded together to commit crimes of the sort charged. . . ." We are of the opinion that the present case falls within this exception.

Dolores Shapiro was permitted to give the name of her accomplice in the commission of a crime for which she was serving a sentence and we perceive no error in this regard. The testimony revealed that George Bricker, the accomplice, was one of the band or organization, as were the defendants, for the commission of the upstate burglaries and robberies and evidence of their activities, both before and after the present crime, was admissible to show a common scheme, plan, design, motive or intent to commit crimes of the sort charged.

The defendants filed a petition for writ of habeas corpus after the preliminary hearing and prior to the indictment in this case alleging they were illegally detained as a result of being refused the right to have counsel at their preliminary hearing. The court below, by a preliminary opinion, correctly disposed of this matter by dismissing the motion for writ of habeas corpus. On May 6, 1965 a criminal complaint was filed before a justice of the peace charging the defendants with robbery. On May 17, 1965 the defendants were arraigned before Squire Richards and were held without bail for a preliminary hearing on May 20, 1965. On May 18, 1965 the defendants, on telephone advice of their Philadelphia counsel, Joyce Ullman, signed a waiver for a preliminary hearing, whereupon the sheriff of Carbon County, upon request of the district attorney, mailed to Joyce Ullman, at her Philadelphia office, defendants' preliminary hearing waiver for her signature, in accordance with Rule 116(e) of the Rules of Criminal Procedure. When such waiver was not received from Joyce Ullman on the morning of May 20, 1965, the defendants were notified that the hearing would be held that afternoon at 3 p.m. before Squire Richards.

The defendants called their Philadelphia attorney and advised her of the hearing, whereupon she advised that she could not be present. In a telephone conversation later that morning, she again reiterated her request for a waiver of a preliminary hearing. She was advised that if the written waiver was not in the hands of the justice of the peace by 3 p.m., the hearing would be held. She then advised that she could not be present and had no messenger available to deliver the waiver and requested an agreement to continue the hearing, which was refused. Before taking testimony at the preliminary hearing, the district attorney advised the defendants that they had a right to have counsel present. They replied they did not want any other counsel but Joyce Ullman and they also stated that upon advice of counsel, they would not participate in the hearing. Failure to appear at the hearing was the fault of the defendants' attorney. Furthermore, the rights of the defendants were not in any way affected by anything that transpired at the hearing. Only Commonwealth witnesses were heard. The defendants were not questioned nor did they make any statements. In the absence of unusual circumstances which transform the preliminary hearing into a critical stage of the proceedings against the accused, lack of counsel at such hearing does not constitute a deprivation of due process of law: *Com. ex rel. Cherry v. Cavell,* 422 Pa. 283, 220 A. 2d 837.

Certain other objections were made by counsel for the defendants as to the conduct of the trial, all of which we have carefully reviewed, and we are of the opinion that the trial judge properly disposed of these objections.

The judgments of sentence are affirmed.