Commonwealth *v.* Phoenix, Appellant.

Argued June 11, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

122

*Bernard L. Segal,* with him *Needleman, Needleman, Segal & Tabb,* for appellant.

*James D. Crawford,* Deputy District Attorney, with him *James T. Owens,* Assistant District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, August 6, 1970:

Appellant was tried and convicted of aggravated robbery. At his trial, he attempted to offer alibi testimony by his wife. Because he had not complied with the notice provisions of Pennsylvania Rule of Criminal Procedure 312, his offer was excluded. He does not come within the "interest of justice" exception to Rule 312. Cf. *Commonwealth v. Shider,* 209 Pa. Superior Ct. 133, 224 A. 2d 802 (1966). Moreover, his contention that the Rule is unconstitutional is without foundation in the instant case. *Commonwealth v. Vecchiolli,* 208 Pa. Superior Ct. 483, 224 A. 2d 96 (1966). Cf. *Williams v. Florida,* 399 U.S. 78, 90 S. Ct. 1893 (1970).

Judgment of sentence affirmed, and the defendant is directed to appear in the court below at such time as he may be there called, and that he be by that court committed until he has complied with the sentence, or any part thereof which has not been performed at the time the appeal was made a supersedeas.