Commonwealth *v.* Jackson, Appellant.

*Michael J. Wherry,* for appellant.

*Robert F. Banks,* Assistant District Attorney, with him *Joseph J. Nelson,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 12, 1973:

Appellant contends that the lower court erred in refusing his request for pretrial disclosure of the names of the Commonwealth witnesses who were to testify against him.

The appellant and four other men were charged with the May 26, 1967 armed robbery of a state liquor store located in Farrell, Mercer County. Prior to trial, the appellant pursuant to Rule 312(a)[1] presented the Commonwealth with a list of his alibi witnesses. Defense

---

[1] "Rule 312. Notice of Alibi Defense.

"(a) When a defendant intends to offer the defense of alibi at trial, he shall at any time before or after indictment but not later than five days before trial, file notice with proof of service on the attorney for the Commonwealth, specifying his intention to claim such defense and giving the place where he will claim to have been at the time of the alleged offense and the names and addresses of the witnesses he intends to call in support of such claim."

counsel then requested that the Court compel the Commonwealth to present the defense with a list of prosecution witnesses. The defense alleged that justice demanded such disclosure as it had to inform the prosecution of the names of its alibi witnesses.

The American Bar Association Project on Minimum Standards for Criminal Justice Standards Relating to Discovery and Procedure Before Trial impose the following duties upon the prosecution: "2.1 Prosecutor's obligations.

"(a) Except as is otherwise provided as to matters not subject to disclosure (section 2.6) and protective orders (section 4.4), the prosecuting attorney shall disclose to defense counsel the following material and information within his possession or control:

"(i) the names and addresses of persons whom the prosecuting attorney intends to call as witnesses at the hearing or trial, together with their relevant written or recorded statements;

. . .

"Not intended to be included within the classification designated ('persons whom the prosecuting attorney intends to call as witnesses at a hearing or trial') are rebuttal witnesses, i.e., those whom the prosecutor holds in readiness to rebut evidence which he anticipates the accused will present. However, the prosecuting attorney should not be tempted to use this mechanism to avoid disclosing a witness whose testimony is actually and realistically a part of his case in chief." (Citations omitted.) ABA Standards at pp. 52, 58.

The courts in Pennsylvania have long held that the defendant's right to know the names of his accusers requires that the names of those who appeared before the grand jury be endorsed on the indictment. "The term 'accusers' is not necessarily synonymous with 'witnesses' appearing in behalf of the prosecution. No-

tice of the nature and cause of the accusation does not include notice of the nature of the evidence to be produced." *Commonwealth v. Emmel,* 194 Pa. Superior Ct. 441, 447, 168 A. 2d 609 (1961). When, however, the prosecution does not call an eyewitness to the stand during trial, the Commonwealth "must apprise the defense of the witness's name and whereabouts at trial, unless the defense is able or should have been able to procure the witness unaided."[2] *Commonwealth v. Carter,* 427 Pa. 53, 55, 233 A. 2d 284 (1967); *Commonwealth v. Gray,* 441 Pa. 91, 100, 271 A. 2d 486 (1970); *Commonwealth v. Danz,* 211 Pa. 507, 60 A. 1070 (1905).[3]

---

[2] A similar point has been discussed by the United States Supreme Court in *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194 (1963): "We now hold that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. (Emphasis added).

[3] Rule 310 of the Pennsylvania Rules of Criminal Procedure establishes the procedure to be followed by a defense counsel seeking pretrial discovery.

"Rule 310. Pretrial Discovery and Inspection.

"All applications of a defendant for pretrial discovery and inspection shall be made not less than five days prior to the scheduled date of trial. The court may order the attorney for the Commonwealth to permit the defendant or his attorney, and such persons as are necessary to assist him, to inspect and copy or photograph any written confessions and written statements made by the defendant. No other discovery or inspection shall be ordered except upon proof by the defendant, after hearing, of exceptional circumstances and compelling reasons. The order shall specify the time, place and manner of making discovery or inspection and may prescribe such terms and conditions as are necessary and proper. In no event, however, shall the court order pretrial discovery or inspection of written statements of witnesses in the possession of the Commonwealth. Adopted June 30, 1964. Eff. Jan. 1, 1965."

The broad language employed in *Lewis v. Lebanon Court of Common Pleas,* 436 Pa. 296, 260 A. 2d 184 (1969) might stand for the proposition that the names of witnesses do not fall within Rule 310: "Discovery proceedings, under RULE 310, need only be used

If the Court makes the names and addresses of witnesses available to defense counsel, it would facilitate plea bargaining. Moreover, the defense counsel's ability to effectively cross-examine the prosecution witnesses and test their credibility would be enhanced. ABA Standards at p. 56. One may not, however, lose sight of the basic precepts of the criminal justice system which differ from the foundations of the civil law where free and open discovery is an essential element of the proceedings. In *Commonwealth v. Caplan*, 411 Pa. 563, 566-67, 192 A. 2d 894 (1963), former Chief Justice BELL explained: "A criminal trial is as different from a civil trial as day is from night. In civil trials there is pretrial discovery and a mutual exchange of evidence. In a criminal trial there is no mutual exchange of evidence. . . .

"If we descend from ethereal theorism to the world of reality, we know that if Courts require the Commonwealth to inform each defendant of or permit him to examine its evidence, it will enable a person who commits a murder or a felony to invent, fabricate or manufacture his defense before trial—alibi, 'blackout', insanity, self-defense, coercion, or perpetration of the crime by someone else—and determine whether he should take the witness stand or introduce any evidence and if so, what kind. . . . Defendants, District Attorneys and Courts should remember that Justice is not a one way street—Justice means fairness and protection for all, and Justice to Society, as well as Justice for and the protection of the basic rights of an ac-

---

when counsel wishes to acquire access to evidence within the control of the District Attorney. Witnesses themselves can certainly not be so classified." 436 Pa. at 300. We need not reach the question of whether or not pretrial discovery of the names of witnesses falls within the scope of Rule 310, because the rule set forth in the text prior to footnotes 2 and 3 establishes the appropriate procedure in Pennsylvania.

cused." (footnote omitted). In light of the fact that a defendant is presumed to be innocent until proven guilty, we should not assume that the accused will perjure himself or fabricate alibis. Nonetheless, Chief Justice BELL focused upon the crucial issue—mutual discovery. Only a system of mutual discovery can guarantee fairness for society as well as for the defendant. Mutual discovery, however, may clash with the defendant's right against self-incrimination and his right to put the Commonwealth to the test of proving his guilt. Unilateral discovery could overly handicap the prosecution.

While the concept of free and open criminal discovery has much merit, the issue does not lend itself to simple resolution. Presently, the Pennsylvania Rules of Criminal Procedure do not require that the Commonwealth disclose the names of its witnesses to the defense. Until the Pennsylvania Rules of Criminal Procedure are amended, the defense has no right to the names of prosecution witnesses prior to trial.

Accordingly, we affirm the judgment of the lower court.