## Commonwealth *v.* Contakos, Appellant.

Argued October 1, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Herman M. Rodgers,* with him *Rodgers, Marks & Perfilio,* for appellant.

*Morrison F. Lewis, Jr.,* Assistant District Attorney, with him *Albert M. Nichols,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE EAGEN, January 24, 1974:

On March 3, 1971, Samuel C. Contakos was convicted by a jury in Westmoreland County of the crime of sodomy. Following the denial of post-trial motions and imposition of sentence, a direct appeal was filed in the Superior Court which later affirmed the judgment by a per curiam order. We then granted allocatur.

At trial Contakos denied committing the offense and testified to an alibi. When he attempted to introduce the testimony of a friend to corroborate his alibi testimony, the district attorney objected because of the failure to give timely notice in accordance with the requirements of Rule 312 of the Pennsylvania Rules of Crim-

inal Procedure.[1]   The objection was sustained and the testimony of the witness was rejected.   In view of the ruling of the United States Supreme Court in *Wardius v. Oregon,* 412 U.S. 470, 93 S. Ct. 2208 (1973), we conclude Rule 312 of the Pennsylvania Rules of Criminal Procedure is unconstitutional, as violative of the Due Process Clause of the Fourteenth Amendment of the Federal Constitution.   Hence, enforcement of the rule in the instant trial proceedings requires the grant of a new trial.

In *Wardius,* the Court reversed a criminal conviction of an accused who was denied the opportunity of introducing alibi evidence because of failure to give timely notice as required by an Oregon statute.[2]   In

---

[1] Rule 312 Pa. R. Crim. P. adopted June 30, 1964, and effective January 1, 1965, in pertinent part provided as follows:

"(a) When a defendant intends to offer the defense of alibi at trial, he shall at any time before or after indictment but not later than five days before trial, file notice with proof of service on the attorney for the Commonwealth, specifying his intention to claim such defense and giving the place where he will claim to have been at the time of the alleged offense and the names and addresses of the witnesses he intends to call in support of such claim.

"(b) Unless the interests of justice require it, on a defense of alibi a defendant may not call any witness not named in such notice, or any witness on an alibi different from that alleged in the notice.

"(c) A defendant may himself testify concerning an alibi notwithstanding he has not filed notice, but if he has filed notice and testifies concerning his presence at the time of the offense at a place different from that specified in his notice, he may be cross-examined concerning such notice."

Rule 312 Pa. R. Crim. P. was suspended by this Court on June 29, 1973, effective immediately.   The instant trial occurred during the period the rule was operative.

[2] The Oregon statute ORS §135.875 provided:

"(1) If the defendant in a criminal action proposes to rely in any way on alibi evidence, he shall, not less than five days before the trial of the cause, file and serve upon the district attorney a written notice of his purpose to offer such evidence, which notice

part the Court stated: "We hold that the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants. Since the Oregon statute did not provide for reciprocal discovery, it was error for the court below to enforce it against petitioner, and his conviction must be reversed." Id. at 472, 93 S. Ct. at 2211.

While there are some basic differences between the Oregon notice of alibi statute and Rule 312 of the Pennsylvania Rules of Criminal Procedure,[3] these differences are without legal significance. The Pennsylvania rule and the Oregon statute both suffer from the same constitutional infirmity; hence, the result in *Wardius* is compelled here.

The Oregon statute and the Pennsylvania rule of criminal procedure are significantly similar in that neither provides for reciprocal exchange of alibi evidence.

---

shall state specifically the place or places where the defendant claims to have been at the time or times of the alleged offense together with the name and residence or business address of each witness upon whom the defendant intends to rely for alibi evidence. If the defendant fails to file and serve such notice, he shall not be permitted to introduce alibi evidence at the trial of the cause unless the court for good cause orders otherwise.

"(2) As used in this section, 'alibi evidence' means evidence that the defendant in a criminal action was, at the time of commission of the alleged offense, at a place other than the place where such offense was committed."

[3] The basic differences between the Oregon notice of alibi statute and the Pennsylvania rule are: (1) the Pennsylvania rule provides in Section 312(b) that an alibi witness may be exempted from the rule if "the interests of justice require it"; and (2) the Pennsylvania rule provides in Section 312(c) that "[a] defendant may himself testify concerning an alibi notwithstanding he has not filed notice," while the Oregon statute prevents both witnesses and the defendant himself from testifying, if there is not compliance with the statute.

As noted before, this was the key factor in the United States Supreme Court's determination of *Wardius*. To further demonstrate this point the Court stated:

"But we do hold that in the absence of a strong showing of state interests to the contrary, discovery *must* be a two-way street. The State may not insist that trials be run as a 'search for truth' so far as defense witnesses are concerned, while maintaining 'poker game' secrecy for its own witnesses. It is *fundamentally unfair* to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State.

". . . Nor does the State suggest any significant governmental interests which might support the lack of reciprocity." [Emphasis supplied.] [Footnotes omitted.] Id. at 475-76, 93 S. Ct. at 2212-13.

It is clear from the face of Pennsylvania's notice of alibi rule and from the case law, that there is no reciprocity of alibi discovery in Pennsylvania. In *Commonwealth v. Jackson*, 224 Pa. Superior Ct. 280, 303 A. 2d 519 (1973), the Superior Court faced this issue almost head on. There the defendant after submitting a timely notice of his alibi witnesses, requested the Commonwealth to present him with a complete list of prosecution witnesses. The trial court refused the request and the Superior Court affirmed the ruling stating: "Presently, the Pennsylvania Rules of Criminal Procedure do not require that the Commonwealth disclose the names of its witnesses to the defense. Until the Pennsylvania Rules of Criminal Procedure are amended, the defense has no right to the names of prosecution witnesses prior to trial." Id. at 285, 303 A. 2d at 522.

The Commonwealth contends *Wardius* is distinguishable and not controlling here, because in Pennsylvania a criminal defendant is permitted limited pre-

trial discovery, whereas in Oregon he is not.[4] While it is true that Pennsylvania, unlike Oregon, permits a criminal defendant limited discovery, this limited discovery is far too narrow to be considered as reciprocity for the defendant's forced disclosure of his alibi evidence. The Court clearly indicated in *Wardius* that the reciprocal right, the State must in turn grant to the defendant, is the privilege to discover the State's rebuttal witnesses pertaining to his alibi. The Pennsylvania rules are patently deficient in this respect.

The Commonwealth also places great reliance on the fact that Section 312(b) of the Pennsylvania Rules of Criminal Procedure does provide for an exception to the alibi notice rule if "the interests of justice require it." It asserts "it is obvious that if it would be a violation of due process to deny testimony of an alibi witness due to lack of notice, the interest of justice would demand that such a witness be allowed to testify." Section (b) of Rule 312 is substantially similar to the provision in the Oregon statute permitting the trial court to allow alibi evidence "for good cause" shown, even in the absence of timely notice. The United States Supreme Court in *Wardius* pertinently states at 478-79, 93 S. Ct. at 2214: "But the State cannot constitutionally force compliance with its scheme on the basis of a totally unsubstantiated possibility that the statute might be read in a manner contrary to its plain language."

The Commonwealth also argues *Wardius* is not controlling, because in Westmoreland County, the practice is to provide every criminal defendant with the names

---

[4] Pennsylvania Rules of Criminal Procedure grant the following discovery rights:

(a) Pa. R. Crim. P. No. 221 provides for a bill of particulars to be furnished to the defendant upon his request.

(b) Pa. R. Crim. P. No. 310 allows the court, in its discretion, to permit the defendant to inspect and copy his own written confessions and statements.

of the Commonwealth's witnesses when notice is given of an alibi defense. The answer to this is, the constitutionality of a statute or rule of criminal procedure may not be allowed to depend on the good faith or largess of the Commonwealth.

The order of the Superior Court, and the judgment of the trial court are reversed; a new trial is ordered.