Commonwealth *v.* Horace, Appellant.

Argued December 10, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

*John W. Packel,* Assistant Defender, with him *Vincent J. Ziccardi,* Defender, for appellant.

*Mark Sendrow,* Assistant District Attorney, with him *David Richman* and *James T. Ranney,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., April 3, 1974:

Appellant contends that the trial court improperly invoked Pa. R. Crim. P. 312 to exclude alibi testimony as part of his defense.

On September 19, 1972, the appellant, Cleveland Horace, was tried before the Honorable Nicholas CIPRI- ANI, sitting without a jury. Prior to trial on the charge of aggravated robbery, defense counsel informed the Court and the district attorney assigned to the case that he intended to call an alibi witness to show that the appellant was not at or near the scene of the crime at the

time of the alleged crime. Appellant's counsel acknowledged that he had failed to give timely notice of the proposed witness in accordance with Pa. R. Crim. P. 312, and that he would offer to produce the witness for a pretrial interview, or in the alternative, would move for a continuance so as to be able to make timely notice. The Court rejected appellant's request and ordered him to proceed to trial without the alibi witness. Although the appellant did testify in his own behalf, a guilty verdict was returned and appellant was sentenced to one to three years in the State Correctional Institution. As grounds for a new trial, appellant's counsel raised both the alibi notice question and the refusal of the court to allow corroborative alibi testimony. Post-trial motions were denied, and this appeal followed.

On June 11, 1973, the Supreme Court of the United States held that the enforcement of an Oregon statute requiring defendants to give timely notice of an alibi defense without giving said defendants reciprocal discovery rights, i.e., to be apprised of anti-alibi witnesses that would be called in rebuttal to defendants' alibi witnesses, was a violation of due process. *Wardius v. Oregon*, 93 S. Ct. 2208, 37 L. Ed. 2d 82 (1973). The Commonwealth argues that even if *Wardius* makes it erroneous to enforce Pa. R. Crim. P. 312, we must still determine if said error was so critical that "a substantial possibility [existed] that the error . . . infected the verdict." This contention, which would interject a harmless error test into our deliberation, is, in the words of the Commonwealth, supported by language appearing in *Wardius*, supra at 2214. The Commonwealth submits that automatic reversal is not mandated, especially where, as in the instant case, the defendant does testify and presents an alibi defense, and the excluded evidence is merely corroborative. We reject such a limited reading of *Wardius*. Surely, no one can say what degree of evidence, or what number of witnesses, in a given case tips

the balance in favor of the accused, raising in the trier of fact the reasonable doubt that would exonerate the accused of the charges against him. We read *Wardius* as a positive statement of constitutional law that enforcement of an alibi notice rule that fails to provide reciprocal discovery is reversible error, the prejudice from which is implicit.

In two opinions handed down on January 24, 1974, our Supreme Court, without conditioning the effect of enforcement of Pa. R. Crim. P. 312 by mention of mitigating circumstances or overwhelming evidence against the accused, held: "In view of the ruling of the United States Supreme Court in Wardius v. Oregon, 412 U.S. 470, 93 S. Ct. 2208 (1973), we conclude Rule 312 of the Pennsylvania Rules of Criminal Procedure is unconstitutional, as violative of the Due Process Clause of the Fourteenth Amendment of the Federal Constitution. Hence, enforcement of the rule in the instant trial proceedings requires the grant of a new trial." *Commonwealth v. Contakos,* 455 Pa. 136, 138, 314 A. 2d 259 (1974) ; *Commonwealth v. Diana,* 455 Pa. 267, 314 A. 2d 262 (1974) (reversing two decisions by this Court).

The judgment of sentence is reversed, and a new trial ordered.