379 A.2d 309

**COMMONWEALTH of Pennsylvania**

v.

**Joseph Jude OLIVER, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 2, 1976.

Decided Oct. 6, 1977.

18

Louis R. Rizzuto, Assistant Public Defender, Reading, for appellant.

Charles M. Guthrie, Jr., Assistant District Attorney, and Grant E. Wesner, Deputy District Attorney, Reading, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

The appellant, Joseph Jude Oliver, filed the instant appeal following the denial by the lower court, after a hearing of his petition for relief under the Post Conviction Hearing Act. (Act of January 25, 1966, P.L. 1580, 19 P.S. § 1180–1 *et seq.* The record shows that on May 29, 1969, the appellant was sentenced to ten to twenty years in prison following his conviction on rape charges. On appellant's subsequent direct appeal we affirmed the judgment of sentence. *Commonwealth v. Oliver*, 216 Pa.Super. 744, 258 A.2d 337 (1969). Thereafter the Pennsylvania Supreme Court denied appellant's petition for allowance of appeal. The instant Post Conviction Hearing Act effort was initiated by appellant in September, 1974.

■ The appellant's initial contention is that his conviction should be reversed because of his compliance, despite his objection, with the mandates of former Rule 312 of the Pennsylvania Rules of Criminal Procedure. That Rule re-

quired a criminal defendant to provide the Commonwealth with a notice prior to trial of his intent to raise an alibi defense, together with the names of proposed alibi witnesses and the location where he planned to prove he was at the time of the crime charged. In *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), the United States Supreme Court held a very similar alibi disclosure rule unconstitutional, in that it afforded the criminal defendant no reciprocal discovery rights of the prosecution's evidence and witness list prior to trial. In *Commonwealth v. Contakos*, 455 Pa. 136, 314 A.2d 259 (1974), our own Rule 312 was declared unconstitutional on the *Wardius* rationale. The appellant as well as our dissenting brethren on this court would have us declare *Wardius* to have retroactive application to appellant's case. We find it highly inappropriate to do so.

In deciding any question of retrospective application of a case holding to prior convictions, it is initially pertinent to quote the Supreme Court of the United States, in commenting on the philosophic and decision making process in cases involving such questions: "We . . . stress that the choice between retroactivity and non-retroactivity in no way turns on the value of the Constitutional guarantee involved." *Johnson v. New Jersey*, 384 U.S. 719, 728, 86 S.Ct. 1772, 1778, 16 L.Ed.2d 882, 889 (1966). In each such case, we are guided in our deliberations by consideration of the following factors:

(a) The purpose to be served by the newly enunciated standards;

(b) The reliance which may have been placed upon prior decisions by authorities; and

(c) The effect on the administration of justice of a retroactive application of the new standards.

See *Linkletter v. Walker*, 381 U.S. 618, 636, 85 S.Ct. 1731, 1741, 14 L.Ed.2d 601, 612 (1965); *Tehan v. Shott*, 382 U.S. 406, 413, 86 S.Ct. 459, 463, 15 L.Ed.2d 453, 458 (1966). With respect to the second factor above, it cannot be contested that there was a strong reliance by authorities on the former

practice dictated by former Rule 312. *Commonwealth v. Phoenix*, 217 Pa.Super. 121, 268 A.2d 460 (1970); *Commonwealth v. Vecchiolli*, 208 Pa.Super. 483, 224 A.2d 96 (1966). This "reliance" factor, in our consideration, militates strongly in favor of prospective application only of the *Wardius* holding. We also believe a realistic appraisal of the remaining two factors dictates the conclusion that there should be no retrospective application of the *Wardius* rationale.

The purposes to be served by the new standards must be carefully reviewed. It is abundantly clear from *Wardius* that the United States Supreme Court has *not* condemned the practice, as a violation of due process standards, or any other constitutional safeguard, of requiring a criminal defendant to reveal his alibi defense prior to trial. Rather, the Court held that if such revelations are required of a defendant, state procedures must provide reciprocal discovery rights to an accused. Thus, the holding of the Supreme Court in *Wardius* was akin to prior and subsequent cases involving exclusionary or prophylactic evidentiary rulings, in which no retrospective application was made. See *Johnson v. New Jersey, supra* (in which the rules of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) and *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), both involving use of confessions at trial, were denied other than prospective application); *Linkletter v. Walker, supra* (in which the court held prospective only the rule involving the exclusion of improperly seized evidence at trial as enunciated in *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961)); *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967) (which held prospective only the holding of *United States v. Wade*, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), concerning exclusion at trial of identification evidence procured through impermissibly suggestive pretrial confrontations between the witness and the accused). While these cases are highly instructive to us as guidance in the instant circumstances, we find the Supreme Court's decision in *Tehan v. Shott, supra*, to be highly analogous and particularly appropriate

for comparison with the issue presented in the instant case. In *Tehan*, the Supreme Court denied retroactive application of the rule enunciated in *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), that prohibited adverse comment by a prosecuting attorney or judge on a defendant's failure to testify. Such a refusal, of course, would rest upon the Fifth Amendment privilege against compulsory self-incrimination. Our dissenting colleagues have determined that the *Wardius* rule is one that is concerned with ". . . the very integrity of the fact-finding process." See *Linkletter v. Walker, supra.* We must disagree. The *Wardius* holding, prohibiting compulsory alibi disclosure *only in the absence of reciprocal discovery rights* on the part of the accused, cannot be said to be more important to the "integrity of the fact-finding process" than a newly enunciated holding prohibiting adverse inferences to be suggested to a jury because a defendant exercises his Fifth Amendment rights to remain silent at trial. In our view, the purposes to be served by the *Wardius* rule are no more important to the fact finding process than the rules established in *Miranda, Escobedo, Mapp,* or *Wade.* Thus, our analysis of the purposes to be served by the newly enunciated rule, especially when compared with the other decisions above, does not compel the conclusion that *Wardius* should be retroactively applied.

We must also consider the factor of the effects on the administration of justice of the retroactive application of *Wardius* in this Commonwealth. We find the following discussion by the United States Supreme Court, in *Tehan v. Shott, supra,* to be particularly appropriate in the instant case:

Empirical statistics are not available, but experience suggests that California is not indulging in hyperbole when in its amicus curiae brief in this case it tells us that "Prior to this Court's decision in *Griffin*, literally thousands of cases were tried in California in which comment was made upon the failure of the accused to take the stand. Those reaping the greatest benefit from a rule

compelling retroactive application of *Griffin* would be [those] under lengthy sentences imposed many years before *Griffin*. Their cases would offer the least likelihood of a successful retrial since in many, if not most, instances, witnesses and evidence are no longer available." There is nothing to suggest that what would be true in California would not also be true in [other States]. To require all of those States now to void the conviction of every person who did not testify at his trial would have an impact upon the administration of their criminal law so devastating as to need no elaboration. 382 U.S. at 418 and 419, 86 S.Ct. at 467.

Likewise, we believe it certain that former Rule 312 was followed in hundreds or even thousands of cases which resulted in convictions in our Commonwealth prior to *Wardius* and *Commonwealth v. Contakos, supra*. The results of a retrospective application of *Wardius* would virtually flood our courts with new appeals by defendants, otherwise properly convicted and whose appeals have been exhausted, seeking new trials. Many resulting new trials would certainly end up in acquittals or probable inability by prosecutors to proceed because of missing or deceased witnesses, lost recollections, and destroyed or irretrievably lost evidence. Such likely dire consequences cannot and should not be ignored or understated.

For all of the above reasons, we believe it clearly mandated that *Wardius* not be given retrospective application. With respect to the instant appeal however, we note that even if we held *Wardius* to be deserving of retroactive application, we would find that there was both harmless error and the realistic existence of reciprocal discovery in the lower court.

With respect to our conclusion that there was an absence of harmful error, we need only briefly state that the evidence offered by Commonwealth witnesses was clear in establishing sufficient evidence that the appellant was one of two men who abducted and sexually attacked a fifteen year old girl. The jury obviously believed such evidence and

not the evidence offered by alibi witnesses who placed the defendants at another scene at the time of the crime. Appellant claimed, during trial and also at the post-trial motion stage, that prosecutors and police had engaged in interrogation and harassment of alibi witnesses as a result of their identities being disclosed prior to trial pursuant to Rule 312. The lower court took great pains to determine the truth of such allegations and the effects of all such contacts with alibi witnesses. The lower court after such investigation, including hearings, rejected all claims of prejudice raised by appellants. We find no error in such rulings. Thus it is apparent that even if *Wardius* were applied, the doctrine of harmless error would compel a finding that the disclosure of alibi information by appellant did not create reversible error.

Finally, we can conclude that effective reciprocal discovery was present in the instant circumstances. The Commonwealth presented the defense with the names of all of its witnesses, prior to trial, except for some called only on rebuttal. Thus, the main and principal witnesses for the prosecution were known to the defense. It would be impossible for the Commonwealth, even if there existed rules for reciprocal discovery, to provide the defense with a complete list of every possible witness who might be called in rebuttal, since plans for such rebuttal obviously cannot be finalized until the defense is presented. Moreover, the defendants in the instant case were permitted to present an alibi witness who had not been disclosed to the prosecution prior to trial, despite the existence of Rule 312. In light of all of these factors, effective reciprocity was accomplished in the instant case.

On this appeal, the appellant also argues that his trial counsel was ineffective for complying with Rule 312. This claim has no merit. Counsel not only had no choice in the matter, but demonstrated extreme effectiveness in preserving a constitutional challenge to Rule 312, despite the fact that the trial in this case predated the *Wardius* decision

by several years. Thus, this final contention of appellant must be rejected.

Affirmed.

SPAETH, J., files a dissenting opinion in which HOFFMAN, J., joins.

SPAETH, Judge, dissenting:

The majority's holding that appellant's conviction was not violative of due process rests, as I understand it, on three alternate conclusions: First, that the rule of *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), should not be applied retrospectively; second, that even if *Wardius* were to be applied retrospectively, and appellant therefore held entitled to reciprocal discovery, here the denial of such discovery was harmless error; and third, that in any case, appellant got reciprocal discovery. For the reasons that follow, I disagree with all three of these conclusions. I therefore dissent.

—1—

*The Facts*

After being convicted by a jury of rape, appellant was sentenced on May 29, 1969, to ten to twenty years in prison. On October 30, 1969, we affirmed. 216 Pa.Super. 744, 258 A.2d 337. On January 10, 1970, the Supreme Court denied appellant's petition for allowance of appeal. On September 13, 1974, appellant filed a petition under the Post Conviction Hearing Act[1] in which he contended that *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973), requires that he be awarded a new trial. After a hearing the lower court denied appellant's petition.

Appellant's principal defense at trial was an alibi. In order to be able to present that defense, appellant's counsel

1. Act of Jan. 25, 1966, P.L. (1965) 1580, § 1 *et seq.*, 19 P.S. § 1180–1 *et seq.* (1976 Supp.).

complied with Pa.R.Crim.P. 312 [2] and before trial gave notice to the Commonwealth of his intention to present the defense of alibi, identifying the witnesses he intended to offer in support of the alibi. The notice was given under protest, appellant's counsel objecting to Rule 312 as violative of the United States and the Pennsylvania Constitutions. The Commonwealth in preparing for trial used the information supplied in the notice; [3] it did not, however, disclose to

**2.** Rule 312 is no longer in force. On June 29, 1973, immediately after the announcement of the decision in *Wardius v. Oregon*, the Pennsylvania Supreme Court suspended the rule. A few months later the Court expressly found the rule to be unconstitutional. *Commonwealth v. Contakos*, 455 Pa. 136, 314 A.2d 259 (1974).

The rule provided: .

(a) When a defendant intends to offer the defense of alibi at trial, he shall at any time before or after indictment but not later than five days before trial, file notice with proof of service on the attorney for the Commonwealth, specifying his intention to claim such defense and giving the place where he will claim to have been at the time of the alleged offense and the names and addresses of the witnesses he intends to call in support of such claim.

(b) Unless the interests of justice require it, on a defense of alibi a defendant may not call any witness not named in such notice, or any witness on an alibi different from that alleged in the notice.

(c) A defendant may himself testify concerning an alibi notwithstanding he has not filed notice, but if he has filed notice and testifies concerning his presence at the time of the offense at a place different from that specified in his notice, he may be cross-examined concerning such notice.

(d) No adverse inference may be drawn against a defendant, nor may any comment be made concerning his failure to call available alibi witnesses, where such witnesses have been prevented from testifying by reason of this rule, unless the defendant or his counsel shall attempt to explain such failure to the jury.

**3.** Appellant contends that after he had identified his alibi witnesses, the Commonwealth subjected them to intensive interrogation and threats of prosecution for perjury with the result that at least one of the witnesses changed his story and testified for the Commonwealth as an anti-alibi witness. The PCHA hearing judge did not deal with this contention. The majority first ignores this deficiency in the hearing judge's disposition, *see* 19 P.S. § 1180–09, and then dismisses appellant's contention on the ground that it was rejected by the trial judge concluding that any non-compliance with *Wardius* was therefore harmless error. This analysis misses the point that the danger of non-reciprocity expressed in *Wardius* is not the possibility that a defendant's alibi witnesses might be turned against him by the Commonwealth (although in some cases that may be a problem), but that a defendant is denied the opportunity to learn the identity of the

appellant's counsel the identity of the witnesses it intended to call to rebut appellant's alibi.

—2—

## The Rule of Wardius

In *Wardius*, the United States Supreme Court reviewed an Oregon statute that was very similar to Rule 312.[4] There the defendant had been prevented from testifying concerning an alibi, and the testimony of an alibi witness was stricken because of failure to give the pre-trial notice required by the statute. The Court noted that while the statute obliged the defense to disclose its strategy and witnesses, it did not impose a reciprocal obligation on the prosecution. This disparity in pre-trial discovery, the Court held, made enforcement of the statute unconstitutional as a denial of due process:

> It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State.

412 U.S. at 476, 93 S.Ct. at 2212.

Accordingly, the Court said:

> We hold that the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants.

412 U.S. at 472, 93 S.Ct. at 2211.

witnesses the Commonwealth will use to rebut the alibi. *See* discussion *infra*.

4. Ore.Rev.Stat. § 135.875 provided:
   (1) If the defendant in a criminal action proposes to rely in any way on alibi evidence, he shall, not less than five days before the trial of the cause, file and serve upon the district attorney a written notice of his purpose to offer such evidence, which notice shall state specifically the place or places where the defendant claims to have been at the time or times of the alleged offense together with the name and residence or business address of each witness upon whom the defendant intends to rely for alibi evidence. If the defendant fails to file and serve such notice, he shall not be permitted to introduce alibi evidence at the trial of the cause unless the court for good cause orders otherwise.

This reasoning has been found by the Pennsylvania Supreme Court to require striking down Rule 312 as unconstitutional since that rule also did not provide for reciprocal discovery. *Commonwealth v. Contakos*, 455 Pa. 136, 314 A.2d 259 (1974). Since *Contakos* it has been regularly held that the fact that Rule 312 was enforced during trial requires reversal. *Commonwealth v. Jackson*, 457 Pa. 79, 319 A.2d 161 (1974); *Commonwealth v. Diana*, 455 Pa. 267, 314 A.2d 262 (1974); *Commonwealth v. Jones*, 233 Pa.Super. 52, 335 A.2d 444 (1975), *allocatur denied; Commonwealth v. Horace*, 226 Pa.Super. 531, 323 A.2d 895 (1974).

The conclusion cannot be escaped that the present case is within the rule of *Wardius*.[5] Appellant was obliged by Rule 312 "to divulge the details of his own case," without any reciprocal obligation of disclosure being imposed on the Commonwealth, with the result that appellant was "subject[ed] . . . to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State."

The Commonwealth contends that this case is distinguishable from *Wardius* in that here, appellant complied with the requirement of the alibi notice rule and was therefore permitted to present his alibi defense, whereas in *Wardius*, the defendant was precluded from offering an alibi defense because the alibi notice statute had not been complied with. Rather than being distinguishing, this difference makes *Wardius* especially applicable. After holding the Oregon statute violative of due process because it did not provide reciprocal discovery, the Court in *Wardius* had to decide whether the defendant had been prejudiced by the statute since he had not complied with it. The Court summarily dismissed the argument that the defendant might have been granted reciprocal discovery, even though not provided in

---

**5.** The majority points out that at trial appellant was permitted, over the Commonwealth's objection, to introduce the testimony of an alibi witness whose name did not appear on appellant's pre-trial alibi notice. To me, that fact is immaterial, for it does not affect the fact that discovery was not reciprocal.

the statute, if only he had given the required notice. The Court held that the statute did not provide for reciprocal discovery and that the defendant had merely taken the legislature at its word. No such problem exists here. Here, the potentially harmful result of a non-reciprocal alibi notice rule has actually occurred: appellant (unlike the defendant in *Wardius*) complied with the rule; he made discovery, and was denied reciprocal discovery. Thus the facts here fit the rule of *Wardius* better than the facts in *Wardius* did. In addition, and perhaps more to the point, the rule of *Wardius* has been applied to a situation precisely like appellant's. *Commonwealth v. Jackson*, 457 Pa. 79, 319 A.2d 161 (1974).

## —3—

### *The failure to comply with Wardius*

The majority stresses the fact that appellant was informed of the witnesses that the Commonwealth would present in its case in chief, since the names of those witnesses had been listed on the indictment. Thus, the majority argues, there was *de facto* reciprocal discovery. However, there was not. Several rebuttal witnesses were called by the Commonwealth whose names were *not* listed on the indictment. (PCHA Hearing, N.T. 26) "Reciprocity . . is the key to *Wardius*." *Commonwealth v. Jackson, supra* 457 Pa. at 82, 319 A.2d at 163. When one side says, "I will prove Fact A by calling Witness X," the other side must reply, "I will counter, and disprove Fact A, by calling Witness Y." Without such a reply there is no reciprocity:

> Due process requires that if an accused is compelled to comply with a notice of alibi rule, then the Commonwealth must reciprocate and provide the names and addresses of *all* witnesses who will be called to refute an accused's alibi, regardless of whether the witnesses will be called in rebuttal or in the Commonwealth's case in chief. See 412 U.S. at 474–76, 93 S.Ct. at 2212–13 [*Wardius*].

*Commonwealth v. Jackson, supra* 457 Pa. at 82, n. 4, 319 A.2d at 163, n. 4 (emphasis added).

While one decision by this court has indicated that a finding of a *Wardius* violation requires reversal without more, *Commonwealth v. Horace*, 226 Pa.Super. 531, 323 A.2d 895 (1974), other decisions make it clear that a harmless error test is appropriate. *Commonwealth v. Jackson, supra* ; *Commonwealth v. Jones*, 223 Pa.Super. 52, 335 A.2d 444 (1975), *allocatur denied.* Here I am unable to find as the majority does that the Commonwealth's failure to afford appellant reciprocal discovery was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Commonwealth v. Rodgers,* 472 Pa. 435, 372 A.2d 771 (1977) (where cumulative evidence was "wholly unnecessary," error in admitting it harmless beyond a reasonable doubt; *Chapman* applied). Because of the Commonwealth's failure, the defense was unable to prepare possible cross-examination and impeachment of the Commonwealth's rebuttal witnesses. It is the Commonwealth's burden to show that no prejudice to the defense resulted. Neither the Commonwealth, nor the majority, has made that showing.

—4—

### Retrospective Application of Wardius

Appellate courts are often required to decide whether and how a new rule of constitutional dimensions is to be applied to cases that arose before the announcement of the rule. In its purest form the question of retrospective application arises in the context of a case where the defendant has been convicted and has exhausted all appellate remedies before the announcement of the rule.[6] This is such a case.

---

**6.** Both this court and the Pennsylvania Supreme Court have applied *Wardius* on direct appeal in cases where the conviction was pre-*Wardius*. *Commonwealth v. Sweeney*, 464 Pa. 425, 347 A.2d 286 (1975); *Commonwealth v. Contakos*, 455 Pa. 136, 314 A.2d 259 (1974); *Commonwealth v. McCleary*, 228 Pa.Super. 224, 323 A.2d 243 (1974); *Commonwealth v. Horace*, 226 Pa.Super. 531, 323 A.2d 895 (1974). For a discussion of the different situations in which the question of retrospective application of a new rule arises, *see Commonwealth v. Williams*, 232 Pa.Super. 339, 331 A.2d 875 (1974), *allocatur denied.* The question whether to apply *Wardius* to a

The United States Supreme Court has often dealt with the problem of retrospective application but has declined to set out a fixed standard for determining when such application is required. In *Stovall v. Denno*, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199 (1967), the Court summarized the factors that should be considered:

> The criteria guiding resolution of the question implicate (a) the purpose to be served by the new standards, (b) the extent of the reliance by the law enforcement authorities on the old standards, and (c) the effect on the administration of justice of a retroactive application of the new standards.

388 U.S. at 297, 87 S.Ct. at 1970.

Foremost among these factors is the purpose to be served by the new rule. *Desist v. United States*, 394 U.S. 244, 249, 89 S.Ct. 1030, 22 L.Ed.2d 248 (1969). I believe that the purpose to be served by the rule of *Wardius* requires retrospective application.

It is true that before *Wardius* this court had held that Rule 312 was constitutional. *Commonwealth v. Phoenix*, 217 Pa.Super. 121, 268 A.2d 460 (1970); *Commonwealth v. Vecchiolli*, 208 Pa.Super. 483, 224 A.2d 96 (1966). Here the Commonwealth may well have relied on those decisions in seeking strict enforcement of the rule, and in refusing to give reciprocal discovery. While we cannot fault the Commonwealth for failing to anticipate the decision in *Wardius* when we also failed to anticipate it, that fact is of no consequence when a defendant has been deprived of due process of law.

In considering whether retrospective application is required, it is important to note the nature of the new rule in question.

When the rule is an exclusionary or prophylactic rule the United States Supreme Court has held that retrospective application is not required. In *Linkletter v. Walker*, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), the Court

conviction that has become final is apparently of first impression in the Commonwealth.

denied retrospective application of the rule of *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), that evidence obtained in violation of the Fourteenth Amendment must be excluded as evidence at trial. In *Tehan v. Shott,* 382 U.S. 406, 86 S.Ct. 459, 15 L.Ed.2d 453 (1966), the Court denied retrospective application of the rule of *Griffin v. California,* 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), that the Fifth Amendment precluded adverse comment by the prosecution or the trial judge concerning a defendant's invocation of his right not to testify. In *Johnson v. New Jersey,* 388 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966), the Court denied retrospective application of the rule of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and in *Stovall v. Denno, supra,* of the rule of *United States v. Wade,* 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), that identification evidence tainted by exhibiting the accused to identifying witnesses before trial in the absence of counsel must be excluded at trial.

Our own Supreme Court has likewise denied retrospective application of a prophylactic rule. In *Commonwealth v. Godfrey,* 434 Pa. 532, 254 A.2d 923 (1969), the Court held that the rule of *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requiring an on-the-record colloquy to ensure a voluntary and intelligent guilty plea, is prospective only.

If the new rule in question is not an exclusionary or prophylactic rule but a rule required to ensure the integrity of the fact-finding process, retrospective application is required. The United States Supreme Court recognized this distinction in *Linkletter v. Walker, supra :*

Finally, in each of the three areas in which we have applied our rule retrospectively the principle we applied went to the fairness of the trial—the very integrity of the fact-finding process. [*Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956) (due process requires that an indigent criminal defendant be furnished transcripts of his trial in order to prepare his appeal); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963)

(counsel must be appointed for indigents charged with felonies); and *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964) (a hearing must be held before a judge to determine the voluntariness of a confession before evidence of the confession can be heard by a jury)]. Here, as we have pointed out, the fairness of the trial is not under attack. All that petitioner attacks is the admissibility of evidence, the reliability and relevancy of which is not questioned, and which may well have no effect on the outcome.

381 U.S. at 639, 85 S.Ct. at 1743.

The majority characterizes the rule announced in *Wardius* as prophylactic only and therefore not requiring retrospective application. Majority Opinion at 311. This ignores the reason the rule was formulated, which was that it was required to ensure "the very integrity of the fact-finding process." This is the plain meaning of the Court's statement, already quoted above, in explanation of the rule:

It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State.

412 U.S. at 476, 93 S.Ct. at 2212.

Here, the nature of appellant's trial was fundamentally different by virtue of Rule 312 than would otherwise have been the case. The rule permitted the Commonwealth to "insist that [appellant's trial] be run as a 'search for truth' as far as defense witnesses are concerned, while maintaining 'poker game' secrecy for its own witnesses." *Wardius v. Oregon, supra,* 412 U.S. at 475, 93 S.Ct. at 2212. Thus appellant was deprived of the opportunity to bring before the jury any evidence to impeach or otherwise discredit the Commonwealth's witnesses—evidence he might have discovered had he known before trial who the witnesses were.

At least one federal district court has held that because the rule of *Wardius* is to ensure the very integrity of the fact-finding process, *Wardius* should be given retrospective

application.[7]  In *United States ex rel. Hairston v. Warden, Ill. State Penitentiary,* 407 F.Supp. 524 (N.D.Ill.1976), the court also surveyed the United States Supreme Court decisions relating to retrospective application of a new rule of constitutional dimensions and concluded that *Wardius* "had as its major purpose the overcoming of an 'aspect of the criminal trial that substantially impairs its truth-finding function . . . .'" 407 F.Supp. at 528–29.

The conclusion that *Wardius* must be retrospectively applied may have a significant effect on the administration of justice, for a number of new trials may have to be held. This possibility, however, is not a sufficient reason to deny retrospective application:

> Where the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that substantially impairs its truth-finding function . . . , the new rule has been given complete retroactive effect. Neither good-faith reliance by state or federal authorities on prior constitutional law or accepted practice, nor severe impact on the administration of justice has sufficed to require prospective application in these circumstances. *Williams v. United States,* 401 U.S. 646, 653, 91 S.Ct. 1148, 1152, 28 L.Ed.2d 388 (1971) (footnote omitted).

The Court has recently re-affirmed this principle:

> . . . we have never deviated from the rule stated in *Ivan* [*v. City of New York,* 407 U.S. 203, 204, 92 S.Ct. 1951, 32 L.Ed.2d 659 (1973),] that " '[w]here the major purpose of new constitutional doctrine is to overcome an aspect of the criminal trial that *substantially* impairs its truth-finding function and so raises *serious* questions about the

7.  *Cf. Riley v. Havener,* 391 F.Supp. 1177 (N.D. Ohio 1974) (on habeas corpus, *Wardius* applied where conviction and appeal to intermediate appellate court were pre-*Wardius*; dismissal of appeal to Ohio Supreme Court was after announcement of *Wardius*); *United States ex rel. Snyder v. Mack,* 372 F.Supp. 1077 (E.D.Pa.1974) (whether *Wardius* should be retrospectively applied not reached; *Mayer v. Moeykens,* 373 F.Supp. 649 (D.Vt.1973) (*Wardius* not retrospectively applied where no prejudice shown).

accuracy of guilty verdicts in past trials, the new rule [is] given complete retroactive effect.' "

*Hankerson v. North Carolina*, 432 U.S. 233, 243, 97 S.Ct. 2339, 2345, 53 L.Ed.2d 306 (filed June 17, 1977) (emphasis in original).

In discussing the effect on the administration of justice of retrospective application of *Wardius*, the majority makes the familiar argument that such application would open the floodgates, *i. e.*, would vacate the sentence of every defendant tried under Rule 312. I do not believe that such an alarmist position is warranted. Retrospective application of the rule of *Wardius* would be limited in the same way that prospective application is. A new trial is required only when the defendant was prejudiced by enforcement of Rule 312. Where enforcement represented only harmless error the judgment of sentence will not be reversed. *Commonwealth v. Jackson, supra; Commonwealth v. Jones, supra.* This might be the case, for example, where the Commonwealth offered no witnesses to rebut a defendant's alibi, or where the Commonwealth's rebuttal witnesses were the same as its witnesses in chief. In such situations the defendant might not have been prejudiced by a failure to receive reciprocal discovery, although the burden will be on the Commonwealth to prove that enforcement of Rule 312 was harmless beyond a reasonable doubt. *Chapman v. California, supra.*

Finally, the majority argues that as a practical matter effective pre-trial discovery of alibi rebuttal witnesses "would be impossible for the Commonwealth." Majority Opinion at 313. Evidently our Supreme Court disagrees, for it has recently promulgated new rules of criminal procedure that require such discovery. Pa.R.Crim.P. 305(C)(1)(a) & 305(C)(1)(c).

I would reverse and remand for a new trial consistent with the new Rules.

HOFFMAN, J., joins in this opinion.