Vito J. Titone, J.
In what appears to he a ease of first impression in this State, the defendants have moved to compel the District Attorney to furnish the names and addresses of all witnesses the prosecution plans to use to discredit the defendants’ alibi defense. Heretofore, the defendants had furnished a list of their alibi witnesses to the prosecution, as they are required to do pursuant to GPL 250.20. They claim that they are entitled to reciprocity.
Although reseárch discloses no New York cases on the issue, there is a very recent United States Supreme Court case which is squarely on point and requires a granting of the motion. In Wardius v. Oregon (412 U. S. 470), the court had before it an Oregon statute which was, in substance, identical with our own CPU 250.20. The statute, section 135.875 of the Oregon Revised Statutes, requires a defendant to furnish to the District- Attorney a list of his alibi witnesses not less than five days prior to trial, failing which the trial court may preclude him from introducing any alibi evidence. The lower court did just that in Wardius.
In reversing the conviction, the Supreme Court stated:
“ We hold that the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants. Since the Oregon statute did not provide for reciprocal discovery, it was error for the court below to enforce it against petitioner, and his conviction must be reversed. * * - *
“ Notice-of-alibi rules, now in use in. a large and growing number of States, are based on the proposition that the ends of justice will best be served by a system of liberal discovery which gives both parties the maximum possible amount of information with which to prepare their cases and thereby reduces the possibility of surprise at trial. See, e.g., Brennan, The Criminal Prosecution: Sporting Event or Quest for Truth?, *975 1963 Wash. U. L. Q. 279; American. Bar Association Project on Standards for Criminal Justice, Discovery and Procedure Before Trial 23-43 (Approved Draft 1970); Goldstein, The State and the Accused: Balance of Advantage in Criminal Procedure, 69 Yale L. J. 1149 (1960). The growth of such discovery devices is a salutary development which, by increasing the evidence available to both parties, enhances the fairness of the adversary system.” (412 U. S. 470, 472-474, supra).
After pointing out that Oregon apparently grants a defendant very little in the way of discovery rights, not even a bill of particulars, the court said: “We do not suggest that the Due Process Clause of its own force requires Oregon to adopt such provisions. Cf. United States v. Augenblick, 393 U. S. 348 (1969); Cicenia v. Lagay, 357 U. S. 504 (1958). But we do hold that in the absence of a strong showing of state interests to the contrary, discovery must be a two-way street. The State may not insist that trials be run as a ‘ search for truth ’ so far as defense witnesses are concerned, while maintaining ‘ poker game ’ secrecy for its own witnesses. It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State.” (412 U. S. 470, 475, 476, supra).
As stated, the holding in Wardius clearly requires that the defendant be given the information he seeks by this motion. To decide otherwise would run squarely afoul of the Wardius decision.
In opposition, the People claim that they should be required to furnish their ‘ ‘ contra-alibi ’ ’ witnesses only if they put such people on the stand in rebuttal. The District Attorney committed himself to furnish such a list prior to offering rebuttal testimony but not prior to trial; an adjournment was suggested as a way to afford defendants time to prepare for such evidence.
This “commitment” is a Trojan horse. The fact is that in most cases “contra-alibi” testimony goes in as part of the People’s direct case; more often than not, testimony proving the elements of a crime is at the same time refuting a claim by the defendant that he was elsewhere. If reciprocity in discovery is to have any meaning, the list of prosecution witnesses rebutting an alibi must be produced prior to the trial. Further, the idea of adjourning a trial after the Dis *976 trict Attorney’s direct case and after the alibi proof is hardly practical.
Accordingly, the People will furnish to the defense five days prior to the trial a list of the names and addresses of all the witnesses whose testimony will rebut the defendants’ claim of alibi.