Frederic E. Hammer, J.
Defendant moves to dismiss the indictment on the ground that the New York State “ notice-of-alibi ” statute is invalid (CPL 210.20).
The defendant was indicted by a Queens County G-rand Jury on April 19,1973 charged with the crimes of robbery in the first degree and assault in the second degree. On May 2 he was arraigned and entered a plea of “ not guilty ”. Thereafter the People served a notice of alibi (CPL 250.20) seeking the names and addresses of defendant’s alibi witnesses.
On. June 25, 1973 in an application before Mr. Justice Livoti, the defendant requested the District Attorney’s alibi notice be voided pursuant to a recent Supreme Court decision (Wardius v. Oregon, 412 U. S. 470), which defendant contends nullifies CPL 250.20 and renders it unconstitutional. The court at a hearing ruled that, since defendant had failed to comply with New York statute, any issue of constitutionality was premature and directed the defendant to comply and give the required information or face the prescribed penalty of preclusion at time of trial. Defendant did so under protest.
The defendant now brings the instant motion, claiming irreparable prejudice in being forced to disclose his witnesses •without being granted reciprocal discovery rights.
*76 The People contend that, if Wardius does mandate some form of reciprocity, they are under no obligation to reveal their witnesses until actual trial or just before trial. (People v. Elliott, 74 Misc 2d 974.)
Thus, a clear issue is presented — Does the nature of our alibi statute require reciprocity and, if so, what form should such disclosure take? To resolve this issue, the court seeks guidance from the United States Supreme Court in Wardius v. Oregon (412 U. S. 470, supra) and its companion case, Williams v. Florida (399 U. S. 78). The Williams case set forth the guidelines necessary for a constitutionally valid ‘ ‘ notice-of-alibi ’ ’ statute. In that case defendant raised the issue of a “ protective order ” barring the State from utilizing a ‘ ‘ notice-of-alibi ’ ’ statute. The Supreme Court ruled (p. 81) that he was not entitled to such an order since the statute was just and did not deprive him of due process, reasoning: ‘ ‘ Florida law provides for liberal discovery by the defendant against the State, and the notice-of-alibi rule is itself carefully hedged with reciprocal duties requiring state disclosure to the defendant.” It is to be noted that the Florida statute is broader than the New York rule. Florida grants reciprocity which reads as follows (p. 104): “ ‘ Not less than five days after receipt of defendant’s witness list, or such other times as the court may direct, the prosecuting attorney shall file and serve upon the defendant the names and addresses (as particularly as are known to the prosecuting attorney) of the witnesses the State proposes to offer in rebuttal to discredit the defendant’s alibi at the trial of the cause.’ ” It is to be further noted this decision explored only the positive side of the alibi statute; left open was the question as to what might constitute a constitutionally invalid “notice-of-alibi” statute.
Three years later this issue was squarely raised in Wardius v. Oregon (412 U. S. 470, supra). In the latter the alibi statute was similar to that of New York. It lacked reciprocal rights. The court significantly pointed out (412 U. S. 470, 475, supra), Oregon apparently provided no machinery of obtaining reciprocity since Oregon grants: “ no discovery rights to the criminal defendants and, indeed, does not even provide defendants with bills of particulars. More significantly, Oregon, unlike Florida, has no provision which requires the State to reveal the names and addresses of witnesses it plans to use to refute an alibi defense.”
Applying the ruling of these Supreme Court cases to the facts at bar, it is apparent that the United States Supreme Court has indicated that reciprocity is the hallmark and gui-'leliees for a constitutionally valid “ notice-of-alibi ” statute. The burden is *77 upon the States to establish reliable procedural mechanism to accomplish this goal.
A review of the New York alibi statute indicates it to be a one-way street. Like the Oregon statute, there is no reciprocity on its face and it is clearly outside the due process requirements as indicated in Wardius.
Taking the above into consideration, this court concludes:
(a) the New York State alibi statute lacks reciprocal rights;
(b) that defendant is entitled to this mutual disclosure.
To what relief is this defendant entitled? He seeks a dismissal of the indictment, claiming substantial prejudice. No factual data has been submitted to this court to justify this claim. The issues have not yet come to trial. Such remedy appears extreme.
Hpon the facts and law this court does hereby invoke the penalty of preclusion against the People and applies the standards of CPL 250.20 (subd. 2) by excluding “ any testimony of [the People’s witnesses] relating to the alibi defense ” at the time of trial. Such preclusion shall not bar the People’s right to cross-examine defendant’s alibi witnesses.
In all other respects the motion is denied.