Vito J. Titohe, J.
Motion by the People for reargument is granted, and after careful consideration, the court adheres to its original decision (74 Misc 2d 974). With respect to the prosecutor’s inquiry as to the scope of the original decision, the court believes that it clearly and unequivocally held therein that the defendant is not only entitled to a list of the People’s contra alibi witnesses who may testify in rebuttal to the defendant’s alibi witnesses, but is also entitled to a list of contra alibi witnesses who may testify on the People’s direct case.
Despite fears expressed by the prosecutor, the court is unable to perceive any material disadvanatage that the People would suffer, should a defendant, after being furnished with a contra alibi witness list of those persons who are to testify on the People’s direct case, then fail to call any of his alibi witnesses at the trial.
The court is aware of the recent case (People v. Haynesworth, 75 Misc 2d 75), wherein it was likewise held that the “notice of alibi” statute (CPL 250.20) is defective, in that it lacks reciprocal rights of discovery for defendants in alibi cases, contrary to the rule promulgated in Wardius v. Oregon (412 U. S. 470). However, in Haynesworth, the People were precluded from presenting testimony at the trial relating to alibi defense, whereas in the instant case, this court directed the People to furnish a list of the names and addresses of contra alibi witnesses to the defense five days prior to trial.
This court believes the latter procedure to be preferable in these matters. Preclusion is a drastic method of procedure and one which should be employed only as a last resort. It is punitive and suppressive in nature, the antithesis of “discovery”, and hardly the most satisfactory procedure to be utilized in any quest for truth.
Furthermore, this court is of the opinion that the statutory scheme of requiring a defendant to furnish the People with a list of alibi witnesses prior to trial, is not invalid per se, but merely inadequate because it does not afford a defendant reciprocal discovery rights when he intends to interpose an alibi defense. In permitting the People to furnish a list of contra alibi witnesses prior to trial, this court believes, that in accordance with the decision in Wardius v. Oregon (supra), it has provided the requisite procedural mechanism to accomplish the goal of reciprocal discovery in alibi cases.