Commonwealth *v.* Jackson, Appellant.

Argued October 1, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*Michael J. Wherry*, with him *Wherry & Ketler*, for appellant.

*Robert F. Banks*, First Assistant District Attorney, with him *Joseph J. Nelson*, District Attorney, for Commonwealth, appellee.

OPINION BY MR. JUSTICE ROBERTS, May 2, 1974:

Floyd Jackson was convicted of armed robbery and sentenced to one to four years imprisonment. Pursuant to rule 312 of the Pennsylvania Rules of Criminal Procedure,[1] appellant notified the Commonwealth pretrial

---

[1] Pa. R. Crim. P. 312 provided:

"(a) When a defendant intends to offer the defense of alibi at trial, he shall at any time before or after indictment but not later than five days before trial, file notice with proof of service on the attorney for the Commonwealth, specifying his intention to claim such defense and giving the place where he will claim to have been at the time of the alleged offense and the names and addresses of the witnesses he intends to call in support of such claim.

"(b) Unless the interests of justice require it, on a defense of alibi a defendant may not call any witness not named in such notice, or any witness on an alibi different from that alleged in the notice.

"(c) A defendant may himself testify concerning an alibi notwithstanding he has not filed notice, but if he has filed notice and

of the names and addresses of the witnesses he intended to call to establish an alibi. His request for the names and addresses of those witnesses the Commonwealth planned to produce to place him at the scene of the crime was refused. The Superior Court on April 12, 1973, affirmed. *Commonwealth v. Jackson,* 224 Pa. Superior Ct. 280, 303 A.2d 519 (1973).

On June 11, 1973, the United States Supreme Court delivered its opinion in *Wardius v. Oregon,* 412 U.S. 470, 93 S. Ct. 2208 (1973). There, the Supreme Court held that "the Due Process Clause of the Fourteenth Amendment forbids enforcement of alibi rules unless reciprocal discovery rights are given to criminal defendants." Id. at 472, 93 S. Ct. at 2211. Jackson's petition for allowance of appeal raised the question whether the failure to afford appellant reciprocal discovery violated his right to due process of law.[2] We granted the petition[3] and now reverse.

---

testifies concerning his presence at the time of the offense at a place different from that specified in his notice, he may be cross-examined concerning such notice.

"(d) No adverse inference may be drawn against a defendant, nor may any comment be made concerning his failure to call available alibi witnesses, where such witnesses have been prevented from testifying by reason of this rule, unless the defendant or his counsel shall attempt to explain such failure to the jury."

On June 29, 1973, this Court suspended rule 312. In *Commonwealth v. Contakos,* 455 Pa. 136, 314 A.2d 259 (1974), we held that "enforcement of the rule in the instant trial proceedings requires the grant of a new trial." Id. at 138, 314 A.2d at 261. See also *Commonwealth v. Williams,* 456 Pa. 619, 317 A.2d 49 (1974) ; *Commonwealth v. Diana,* 455 Pa. 267, 314 A.2d 262 (1974).

[2] U.S. Const. amend. XIV, § 1; Pa. Const. art. I, § 9. Our analysis of the federal constitutional claim applies equally to the state constitutional provision. See *Commonwealth v. Contakos,* 455 Pa. 136, 314 A.2d 259 (1974).

[3] Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 204(a), 17 P.S. § 211.204(a) (Supp. 1973).

*Wardius* permits an accused to challenge the constitutionality of enforcement of a notice of alibi rule "by giving notice and then demanding discovery." Id. at 477, 93 S. Ct. at 2213. Appellant provided the Commonwealth with the names and addresses of alibi witnesses he was prepared to call. Once appellant, under compulsion of rule 312, disclosed his alibi witnesses to the Commonwealth, the Commonwealth was constitutionally bound to afford appellant reciprocal discovery by furnishing him the names and addresses of any witnesses whose testimony would refute his alibi.[4] The Supreme Court held in *Wardius* "that in the absence of a strong showing of state interests to the contrary, discovery must be a two-way street. The State may not insist that trials be run as a 'search for truth' so far as defense witnesses are concerned, while maintaining 'poker game' secrecy for its own witnesses. It is fundamentally unfair to require a defendant to divulge the details of his own case while at the same time subjecting him to the hazard of surprise concerning refutation of the very pieces of evidence which he disclosed to the State." Id. at 475, 93 S. Ct. at 2212-13.[5]

Reciprocity, then, is the key to *Wardius*.[6] Appellant in the instant case was required "to divulge the details

---

[4] Due process requires that if an accused is compelled to comply with a notice of alibi rule, then the Commonwealth must reciprocate and provide the names and addresses of all witnesses who will be called to refute an accused's alibi, regardless of whether the witnesses will be called in rebuttal or in the Commonwealth's case in chief. See 412 U.S. at 474-76, 93 S. Ct. at 2212-13.

[5] See *Commonwealth v. Contakos*, 455 Pa. 136, 138, 140, 314 A.2d 259, 261 (1974). See generally Brennan, The Criminal Prosecution: Sporting Event or Quest for Truth?, 1963 Wash. U.L.Q. 279; Goldstein, The State and the Accused: Balance of Advantage in Criminal Procedure, 69 Yale L.J. 1149 (1960); Note, The Preclusion Sanction—A Violation of the Constitutional Right to Present a Defense, 81 Yale L.J. 1342 (1972).

[6] See 412 U.S. at 474 & n.6, 93 S. Ct. at 2212 & n.6. See also *Williams v. Florida*, 399 U.S. 78, 90 S. Ct. 1893 (1970). Cf. *In re*

of his own case." Here, too, appellant was subjected "to the hazard of surprise." Because appellant was not granted reciprocal discovery, even after his express request, the enforcement of rule 312 violated appellant's right to due process of law. It was constitutional error to require appellant to supply the names of his alibi witnesses, without directing the Commonwealth to afford appellant reciprocal discovery rights.[7]

We cannot say that this error was harmless beyond a reasonable doubt. See *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824 (1967); *Commonwealth v. Davis,* 452 Pa. 171, 305 A.2d 715 (1973); *Commonwealth v. Padgett,* 428 Pa. 229, 237 A.2d 209 (1968). Appellant's alibi witnesses testified that appellant was at their home at the time the robbery was committed, and that they saw no gun in his possession. Two witnesses, whose names appellant sought to discover pretrial, directly contradicted the testimony of appellant's alibi witnesses. One identified appellant as a person who fled from the scene of the crime; the other testified

---

*Winship,* 397 U.S. 358, 361-64, 90 S. Ct. 1068, 1070-73 (1970); *Brady v. Maryland,* 373 U.S. 83, 83 S. Ct. 1194 (1963).

[7] Faced with the unconstitutionality of enforcing rule 312 in this case, the trial court had several options available to it. It could have directed that the Commonwealth, at some ample time prior to trial, give appellant the names and addresses of all witnesses it would call to refute appellant's alibi. See *People v. Elliott,* 75 Misc. 2d 754, 348 N.Y.S.2d 902, aff'g 74 Misc. 2d 974, 346 N.Y.S.2d 632 (Sup. Ct. Kings County 1973). Or, if the Commonwealth did not provide appellant with the names of the witnesses who would be called to refute his alibi, the trial court could have precluded the Commonwealth from introducing their testimony. See *People v. Haynesworth,* 75 Misc. 2d 75, 347 N.Y.S.2d 540 (Sup. Ct. Queens County 1973); see also *People v. Sumpter,* 75 Misc. 2d 55, 347 N.Y.S.2d 670 (Sup. Ct. New York County 1973). Cf. *State v. Morales,* 266 Ore. 921, 513 P.2d 798 (1973); *State v. Kelsaw,* 14 Or. App. 313, 513 P.2d 516, on remand from 412 U.S. 947, 93 S. Ct. 3016 (1973).

that shortly after the robbery he saw appellant handle a revolver.

The failure of the Commonwealth to afford appellant reciprocal discovery rights made it impossible for appellant either to investigate the two witnesses whom the Commonwealth called to refute his alibi, or to explore the weaknesses in their stories. By placing appellant at the scene of the crime and by placing a pistol in his hand, the testimony of these two witnesses (whose names the Commonwealth refused to disclose) refuted appellant's alibi. These witnesses were essential to the Commonwealth's case; their credibility indispensable. Had appellant been afforded reciprocal discovery, he would have had the opportunity to be better prepared for cross-examination, and he may have had a better chance to impeach the Commonwealth's witnesses.

Constitutional error was committed when appellant was required to divulge the details of his case and was not afforded reciprocal discovery rights. The Commonwealth simply has not shown that the error complained of was harmless beyond a reasonable doubt. Because Floyd Jackson's right to due process of law was violated by the enforcement of rule 312, he, like the appellants in *Wardius*,[8] *Commonwealth v. Williams*,[9] *Commonwealth v. Contakos*,[10] and *Commonwealth v. Diana*,[11] is entitled to a new trial.[12]

The judgment of sentence is reversed and a new trial granted.

---

[8] 412 U.S. 470, 93 S. Ct. 2208 (1973).

[9] 456 Pa. 619, 317 A.2d 49 (1974).

[10] 455 Pa. 136, 314 A.2d 259 (1974).

[11] 455 Pa. 267, 314 A.2d 262 (1974).

[12] Our disposition of this case makes unnecessary consideration of appellant's other claim that the Commonwealth suppressed material evidence favorable to him. See *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963) ; *Napue v. Illinois*, 360 U.S. 264, 79 S. Ct. 1173 (1959).

DISSENTING OPINION BY MR. JUSTICE EAGEN:

I agree with the majority that the Due Process Clause of the Fourteenth Amendment forbids enforcement of a notice-of-alibi rule, unless reciprocal discovery rights are given to the criminal defendant. However, contrary to the majority, I am convinced the failure to afford the instant appellant such rights was harmless error.

In *Williams v. Florida,* 399 U.S. 78, 90 S. Ct. 1893 (1970) (cited with approval in *Wardius v. Oregon,* 412 U.S. 470, 93 S. Ct. 2208 (1973)), the Court ruled that where a defendant, acting in accordance with the requirements of a notice-of-alibi rule, discloses to the State the witnesses he proposes to call at trial to establish an alibi defense, due process requires that the State in turn disclose to the defendant the witnesses it proposes *"to offer in rebuttal to that defense."* [Emphasis supplied.] 399 U.S. at 80, 90 S. Ct. at 1895. Instantly, the prosecution did not introduce any witnesses in rebuttal to the alibi defense offered by the appellant. In view of this, the failure of the Commonwealth to notify the appellant pre-trial of the witnesses it would offer in rebuttal to his defense was clearly harmless error.

I dissent.

Mr. Chief Justice JONES joins in this dissenting opinion.

---

DISSENTING OPINION BY MR. JUSTICE POMEROY:

Believing that the grant of a new trial awarded by the Court is bottomed on a misconstruction of the holding of the U.S. Supreme Court in *Wardius v. Oregon,* 412 U.S. 470, 93 S. Ct. 2208 (1973), I must respectfully dissent.

Only if the enforcement of Rule 312 could have resulted in prejudice to appellant would a new trial be warranted. *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967). The majority takes

the view that "[o]nce appellant, under compulsion of Rule 312, disclosed his alibi witnesses to the Commonwealth, the Commonwealth was constitutionally bound to afford appellant reciprocal discovery",[1] and asserts that appellant was, in fact, prejudiced because the testimony of the Commonwealth witnesses whose names he had requested was "essential to the Commonwealth's case". I do not read *Wardius* so broadly.

The Supreme Court held in *Wardius* that, absent a provision for reciprocal discovery by the defense, a notice of alibi rule may not constitutionally be enforced against a defendant. Oregon's notice of alibi statute

---

[1] The majority chooses to interpret the term "reciprocal discovery" in the broadest possible sense, requiring the Commonwealth to grant to a defendant who gives notice of his alibi defense "the names and addresses of all witnesses who will be called to refute an accused's alibi, regardless of whether the witnesses will be called in rebuttal or in the Commonwealth's case in chief". Since the thrust of a defendant's alibi defense is always that he could not have committed the crime charged because he was not at the scene at the time of the offense, any evidence which tended to prove that the defendant was the perpetrator of the crime or to establish his presence at the scene would be discoverable under the majority's approach.

Discovery so broad exceeds even the pre-trial request of the defense in the instant case, which was that the Commonwealth reveal the names and addresses of *those witnesses who would place him at the scene of the crime.* The taxi driver, a Commonwealth witness, testified only that he picked up the defendant and his companions at the Reverend Evans' home at about 8:00 p.m. and that, while driving them to their destination, he saw a gun change hands. Such evidence hardly places the defendant at the scene of a liquor store robbery at 6:45 p.m., and yet the majority would require discovery of this witness because his testimony allegedly refutes the testimony of the Reverend Evans and his daughter that they did not see a gun while appellant was in their home. Since the Commonwealth is in no position to know pre-trial what an alibi witness will testify he *did not see,* it would seem that the only safe way for the Commonwealth to avoid reversible error is to reveal its entire case to the defense.

had been enforced in that case by the trial court's exclusion of defendant's alibi evidence for failure to comply with the rule. The Supreme Court there held that on retrial Wardius would be entitled to present his alibi defense without giving pre-trial notice to the State; it did *not* hold that on retrial Wardius could obtain discovery of "the names and addresses of all witnesses who [would] be called to refute [his] alibi, regardless of whether the witnesses [would] be called in rebuttal or in the Commonwealth's case in chief" merely by complying with the notice requirement.[2]

*Wardius* does not hold that the Commonwealth's refusal to grant reciprocal discovery must result in exclusion of any evidence which might be introduced through the witnesses whose names had been unsuccess-

---

[2] On the contrary, in answering Oregon's argument that Wardius should have challenged the rule by giving notice and demanding reciprocal discovery, the Court said: "[H]ad petitioner challenged the lack of reciprocity by giving notice and then demanding discovery, he would have done so at considerable risk. To be sure, the state court might have construed the Oregon statutes so as to save the constitutionality of the notice requirement and granted reciprocal discovery rights. But the state court would also have had the option of reading state law as precluding reciprocal discovery. If the Court had adopted this latter alternative, it would have had to strike down the notice of alibi requirement. But petitioner's victory would have been a Pyrrhic one, since once having given the State his alibi information, he could not retract it. Thus under this scenario, even though the notice of alibi rule would be invalidated, *the State would still have the benefit of non-reciprocal discovery rights* in petitioner's case . . . ." 412 U.S. at 477-78. (Emphasis added.) This language, as I read it, is not consistent with the majority's assertion that, once the defendant gives notice, the Commonwealth is constitutionally required to give notice in return.

While this Court is surely free to order such reciprocal discovery in the interest of justice, such a remedy is unnecessary in a situation where, as here, the defendant has, in fact, suffered no prejudice because the information revealed by him in his notice was previously known to the Commonwealth.

fully sought by the defendant. Nor does *Wardius* guarantee reciprocal discovery to the defendant who complies with the notice of alibi rule.[3] Rather, the holding of that case may be summarized as follows: A notice of alibi rule which does not provide for reciprocal discovery is constitutionally infirm; "enforcement" of such a rule is constitutional error.

I agree that such a rule is "enforced" not only by excluding alibi evidence of a defendant who fails to give notice, but also by obtaining discovery from a defendant under the threat of such a sanction. The constitutional error lies in the *enforcement* of the rule, however, and the prejudice to the defendant in the instant case must, therefore, arise from the Commonwealth's knowledge in advance of trial of information about the defendant's case *derived from the notice of alibi*. Where, as here, the information which the defendant is compelled to reveal is *already known* to the Commonwealth, such error is harmless beyond a reasonable doubt.

My review of the record satisfies me that appellant was not prejudiced by the Commonwealth's receipt of the information he was compelled to provide by Rule 312, nor has appellant argued to the contrary. The robbery had occurred at about 6:30 p.m. on May 26, 1967.

---

[3] Clearly, *Wardius* does not guarantee to a defendant who complies with a notice of alibi rule the particular discovery granted by the majority in the instant case. To the contrary, in distinguishing *Williams v. Florida*, 399 U.S. 78, 90 S. Ct. 1893, 26 L. Ed. 2d 446 (1970), wherein it upheld the constitutionality of Florida's notice of alibi rule, the Supreme Court in *Wardius* points out that the Florida rule provided for reciprocal discovery "of the names and addresses . . . of the witnesses the state proposes to offer *in rebuttal* to discredit the defendant's alibi at the trial of the cause". 412 U.S. at 471 n.2, 93 S. Ct. at 2210 n.2, 37 L. Ed. 2d at 85 n.2 (1973). (Emphasis added.) Even under such a constitutionally valid rule, appellant would not have been entitled to discovery of the names and addresses of witnesses to be called in the Commonwealth's case in chief.

At the pre-trial conference held on September 21, 1967, appellant gave notice of his intent to assert at trial that on the day of the robbery he was in the home of the Reverend Mr. Thomas A. Evans and in the constant presence of Mr. Evans from about 5:30 p.m. until about 8:00 p.m.; also, that he intended to call Mr. Evans and his daughter Emma Jane Evans to testify in support of his alibi.[4] Mr. Evans, however, had already been questioned by the police on May 28, 1967, had identified appellant from a line-up conducted June 1, 1967 as one of three men who had come to his home on the evening in question, and had given the police a written statement on June 7, 1967. The record is devoid of any indication that the information contained in the notice of alibi aided the Commonwealth in prosecuting the case, including cross-examination or impeachment of the alibi witnesses or rebuttal of their testimony.[5]

Since the prosecution gained no advantage from appellant's notice of alibi, appellant suffered no prejudice as a result of his having given it. Under the circumstances of this case, therefore, the error arising from the enforcement of Rule 312 was harmless beyond a reasonable doubt, since, unlike *Wardius,* there is here no "substantial possibility that this error may have infected the verdict". 412 U.S. at 479, 37 L. Ed. 2d at 90.

"[T]he Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded, but . . . it does speak to the balance of forces between the accused and his accuser". *Wardius v. Ore-*

---

[4] Two other potential alibi witnesses listed in the notice were also charged with the robbery and were not called to testify by appellant at trial.

[5] In fact, the only real attack on the credibility of appellant's alibi evidence derived from inconsistencies between Mr. Evan's trial testimony and his written statement which was in the possession of the Commonwealth long before notice of alibi was given and was admitted into evidence at trial.

90

*gon,* 412 U.S. at 474, 37 L. Ed. 2d at 87. In the instant case, that balance of forces was not disturbed by the enforcement of Rule 312. In my view, it is the majority who would disturb the balance.

Mr. Chief Justice JONES joins in this dissenting opinion.