347 A.2d 286
COMMONWEALTH of Pennsylvania
v.
Norman SWEENEY, Appellant (two cases).

Supreme Court of Pennsylvania.

Argued Nov. 18, 1974.

Decided Oct. 30, 1975.

426

David Zwanetz, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Maxine J. Stotland, Asst. Dist. Atty., Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

MANDERINO, Justice.

Appellant was convicted by a jury of murder in the first degree, aggravated robbery, burglary, and conspiracy. Post-verdict motions were denied and concurrent sentences of life imprisonment for the murder conviction, ten to twenty years for robbery, and ten to twenty years for burglary were imposed. Sentence was suspended on the conspiracy conviction. This appeal followed.

▇ Appellant first argues that a statement given to police following his arrest should have been suppressed because it was the product of an unnecessary delay between arrest and arraignment. See Pa.R.Crim.P. Rule 130. Appellant's suppression hearing was held several months before our decision in *Commonwealth v. Futch*, 447 Pa. 389, 290 A.2d 417 (1972). Appellant's trial, however, was not held until December of 1972, some eight and one-half months after *Futch*. Post-verdict mo-

tions were filed by appellant on December 19, 1972. The issue was not raised at trial or in his post-verdict motions, and since it was not timely raised, it will not be considered on direct appeal. *Commonwealth v. Johnson,* 457 Pa. 554, 327 A.2d 632 (1974).

Appellant also argues that his confession should have been suppressed because it was not voluntarily given. He contends that, although he was given the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966), the confession was not the product of a rational intellect and a free will. This Court has held that any determination of whether a confession is the product of rational intellect and a free will necessitates consideration of the totality of the circumstances involved. *Commonwealth v. Cannon,* 453 Pa. 389, 309 A.2d 384 (1973). Here appellant claims that he was suffering from symptoms of heroin withdrawal, that he was questioned continuously for several hours, and that he had only a tenth grade education. At his suppression hearing, however, the prosecution presented testimony that he had not taken any drugs during the twenty-four hours preceding the questioning, that he seemed alert and conscious of what was going on around him, and that he was given frequent periods in which to rest, eat, and attend to his personal needs. The suppression court elected to believe the prosecution's witnesses and determined that appellant's confession was voluntary. The court en banc reviewed the evidence, analyzed the facts, and concluded that the suppression court's determination was proper. We have reviewed the testimony presented at the suppression hearing and conclude that the prosecution has sustained its burden of proving that the confession was voluntarily and knowingly given. *Commonwealth v. Smith,* 447 Pa. 457, 291 A.2d 103 (1972).

Appellant next claims that his conviction should be reversed because at voir dire the trial court overruled

several of his challenges for cause. He claims that this necessitated the use of his peremptory challenges, and since he had no peremptory chalenges left, the twelfth juror was seated over his objection.

At voir dire, appellant challenged certain jurors alleging that they were predisposed to a finding of guilt. Appellant had asked each of the challenged jurors whether they believed that it was more likely than not that, because the defendant had been arrested and held for trial, he must be guilty of something. Appellant's counsel also phrased the question as "Do you believe where there is smoke there must be fire?" Each challenged juror answered in the affirmative. Each of these jurors, however, also indicated upon further questioning by the trial judge, that they could follow instructions not to draw any inference from the facts of defendant's arrest and trial. All of the challenged jurors indicated that they would render their verdict solely on the basis of the evidence presented.

As early as 1899 this Court stated:

"The established test is whether or not a juror can throw aside his impression or opinion, and render an impartial verdict on the evidence alone."

*Commonwealth v. Eagan*, 190 Pa. 10, 19, 42 A. 374, 376 (1899). In *Commonwealth v. Johnson*, 452 Pa. 130, 305 A.2d 5 (1973) we said:

"We therefore do not expect a tabula rosa but merely a mind sufficiently conscious of its sworn responsibility and willing to attempt to reach a decision solely on the facts presented . . . ."

*Id.* at 136, 305 A.2d at 8. *See Irvin v. Dowd*, 366 U.S. 717, 723, 81 S.Ct. 1639, 6 L.Ed.2d 751, 756 (1961). "[T]he purpose of the voir dire examination is to . . . determine whether a juror has found a fixed opinion as to the accused's guilt or innocence." *Johnson, supra*, 452 Pa. at 136, 305 A.2d at 8. Since it is the trial

judge who must determine whether a juror is to be disqualified for having a fixed opinion, it is only logical that he or she will at times question the jurors in order to clarify or supplement their answers. Pa.R.Crim.P. Rule 1106(f). That is what was done in this instance. Appellant is claiming that the trial judge's questioning of the prospective jurors was an abuse of discretion because he allegedly led them to the desired answer. A careful examination of the voir dire of the challenged jurors does not lead us to this conclusion. As to this allegation it is pertinent to note that several of appellant's challenges for cause were sustained when it appeared that the prospective juror held a fixed opinion of guilt as a result of the arrest and trial.

Appellant also argues that his conviction should be reversed because the prosecution's chief trial witness committed perjury. Appellant alleges that Curtis Odum, a co-defendant, perjured himself when he stated that the only consideration he received for testifying against the appellant was a promise that he be placed on bail. Odum also stated that he was voluntarily testifying against appellant and indicated that he had pled guilty to murder generally and was awaiting sentencing. Appellant contends that Odum was lying, and that there was more of a deal made than was admitted. His basis for this contention is his trial attorney's sworn affidavit that appellant was offered a deal to plead guilty to murder generally and to testify against Odum. In return, the prosecution promised not to press for anything above murder in the second degree. Appellant refused and now contends that the same deal was offered to his co-defendant. He argues that had this been brought forth at trial, it could have severely affected Odum's credibility in the minds of the jury.

It is well settled that "suppression by the prosecution of evidence favorable to an accused upon request violates due process . . . ." *Brady v. Maryland,* 373

U.S. 83, 87, 83 S.Ct. 1194, 1196, 10 L.Ed.2d 215, 218 (1963); *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); *Commonwealth v. Powell*, 449 Pa. 126, 295 A.2d 295 (1972); *Commonwealth v. Moehring*, 445 Pa. 400, 285 A.2d 487 (1971).

Appellant contends that these cases stand for the proposition that where there is a possibility that the prosecution has permitted perjured testimony to go unchallenged, a new trial is required. Appellant would also have us apply that rationale with particular force where the allegedly perjured testimony has to do with a plea bargain between the witness and the prosecution. Appellant's reading of these cases is overly broad. In each of the cases mentioned the defendant came forth with some evidence that there had been perjured testimony. In *Giglio, supra*, for example, evidence of the "deal" came from the prosecutor's office itself. In *Moehring, supra*, the public record showed that the case had been nolle prossed, a fact which was not brought forth at the defendant's trial. All we have here is appellant's allegation (his trial attorney's affidavit) that he was offered a certain deal by the prosecution. From this he reasons that the same deal must have been offered to his co-defendant. This is not equivalent to a witness stating that he perjured himself, or to the prosecution stating that the full details of a deal had been hidden at trial. In short, appellant has not shown that perjured testimony was used.

Finally, appellant argues that he was prevented from introducing his alibi defense at trial, and was therefore denied due process of law. Appellant served a notice of alibi defense on the prosecution as required by Pa.R.Crim.P. Rule 312. Pursuant to appellant's motion for a protective order, the homicide calendar judge ordered the prosecution to "provide defense counsel with names and addresses of all eyewitnesses known to the

Commonwealth, to the incident. . . ." Appellant contends that this order was insufficient because it did not require the reciprocity demanded by the United States Supreme Court in *Wardius v. Oregon*, 412 U.S. 470, 93 S.Ct. 2208, 37 L.Ed.2d 82 (1973) and this Court in *Commonwealth v. Jackson*, 457 Pa. 79, 319 A.2d 161 (1975). He argues that the order was not broad enough because it only covered "eyewitnesses to the incident." Pursuant to this order he was given only the names of the police and nonpolice eyewitnesses, and was not given the names of other witnesses whom the prosecution might use to rebut his alibi. We have said that:

> "Due process requires that if an accused is compelled to comply with a notice of alibi rule, then the Commonwealth must reciprocate and *provide the names and addresses of all witnesses who will be called to refute an accused's alibi, regardless of whether the witnesses will be called in rebuttal or in the Commonwealth's case in chief*. (Emphasis added.) (Citations omitted.) *Commonwealth v. Jackson, supra*, at 82 n. 4, 319 A.2d at 163 n. 4.

It is clear that the reciprocity demanded by due process requires the Commonwealth to divulge the names of *all* witnesses that will be used to rebut a defendant's alibi defense, not merely those who witnessed the crime for which the defendant is being tried.

■ In this case, however, we conclude that no reversible error occurred. Although appellant chose to testify in his behalf, he testified that he had no alibi. This fact alone distinguishes this case from *Wardius* and *Jackson*. In *Wardius*, the defendant was not permitted to put in evidence of an alibi defense because he had not complied with Oregon's notice of alibi defense rule. The United States Supreme Court ruled that defendant's due process rights were violated because the Oregon statute contained no provision for reciprocal discovery. In *Jackson*, the defendant introduced evidence of an alibi and it

was rebutted by two witnesses of which the defendant had no notice. In both cases the defendants were clearly prejudiced by what took place.

Appellant argues that his failure to present the alibi defense was a trial strategy predicated on the fear of a possible surprise rebuttal witness. We cannot accept this argument. Appellant did not complain of the protective order until after the trial was completed, raising the issue for the first time in post-verdict motions. Moreover, there is nothing in the record to indicate that the prosecution had any rebuttal witnesses, or would have called any, had there been an alibi defense. Had appellant presented an alibi defense and then been met with surprise rebuttal witnesses, he would have had the opportunity to object at that time. He was therefore not prejudiced by the trial court's order. Since there was no prejudice to the defendant, we believe that the error in the trial court's protective order was harmless and had absolutely no effect on appellant's trial. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967); *Commonwealth v. Davis*, 452 Pa. 171, 305 A.2d 715 (1973); *Commonwealth v. Padgett*, 428 Pa. 229, 237 A.2d 209 (1968).

Judgment of sentence affirmed.

JONES, C. J., and ROBERTS and POMEROY, JJ., concur in the result.