409 A.2d 857

**COMMONWEALTH of Pennsylvania**

**v.**

**Kenneth Gephart LIPSCOMB, Appellant.**

Superior Court of Pennsylvania.

Submitted April 10, 1978.

Filed Sept. 6, 1979.

Kenneth O. Tompkins, II, Waynesburg, for appellant.

W. Bertram Waychoff, District Attorney, Waynesburg, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

CERCONE, President Judge:

The instant appeal arises from appellant's conviction, following a trial by jury, of two counts of burglary for which appellant received consecutive sentences of two to six years in prison. The sole issue raised for our consideration is whether there was sufficient evidence that appellant's accomplice in the burglaries, Douglas Ray Smith, committed perjury during appellant's trial when Smith denied having received a promise of leniency in return for testifying against appellant. The relevant facts are as follows:

At appellant's trial Smith was the Commonwealth's leading witness; not only had he been appellant's accomplice, but he was the only known eyewitness to the burglaries. Thus, his credibility was crucial to the case. The initial premise for appellant's allegation that Smith lied during the trial concerning his bargain with the District Attorney is the following passage from Smith's testimony during direct examination by the District Attorney:

"Q. Now, in cross examination [of the investigating officer] a while ago it appeared there might have been a promise of leniency in your prosecution .with me. To refresh your memory wasn't that more of immunity for testimony you would give as to prosecuting you in other matters?

"A. I don't quite understand what you mean.

"Q. The immunity had to do with not charging you with additional crimes about which you were giving testimony?

"A. I did ask for that. You said you would give me immunity.

"Q. To be free of those charges?

"A. Right."

We agree with appellant's interpretation of this testimony, that Smith was not promised leniency, but simply testimonial immunity. Appellant alleges that proof Smith was indeed promised leniency occurred during Smith's sentencing hearing, wherein the court pronouncing sentence stated:

"The court now suspends the term of your sentence by reason of the sentence served in the Greene County Jail prior to the entry of the plea and also by reason of your cooperation in the arrest and conviction of co-defendants." [1]

1. The record and exhibits attached to appellant's brief do not indicate who the judge was who sentenced Smith. Of course, we are cognizant of the fact that the Hon. Glenn Toothman is the only judge in Greene County and was the judge who presided at appellant's trial. If Judge Toothman was also the judge who sentenced Smith, he naturally would have been aware of the nature and extent of Smith's cooperation with the Commonwealth, and surely would have taken this into account in sentencing Smith. Nevertheless, if Smith had

Additionally, the testimony at appellant's trial of an investigating officer in the case to the effect that Smith and the District Attorney may have discussed "ARD" in return for Smith's cooperation, partially corroborates this claim, although the officer's testimony was ambivalent in this respect.[2]

The seminal case concerning the state's obligation not to countenance perjured testimony in order to secure a conviction is *Mooney v. Holohan*, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791 (1935), wherein the Supreme Court declared that the accused is denied due process of law if "a state has contrived a conviction . . . through a deliberate deception of court and jury by the presentation of testimony known to be perjured." *Id.* at 112, 55 S.Ct. at 342. This principle was expounded upon in *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), a case in which the sole witness against the defendant falsely denied having received a promise of favorable treatment from the prosecution in return for his cooperation, and the prosecutor took no action to correct this false assertion. In reversing the judgment of sentence and granting a new trial, the United States Supreme Court stated:

"The principle that a State may not knowingly use false evidence, including false testimony, to obtain a tainted conviction, implicit in any concept of ordered liberty, does not cease to apply merely because the false testimony goes only to the credibility of a witness. The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle factors as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend." 360 U.S. at 269, 79 S.Ct. at 1177.

been *promised* such leniency prior to testifying at appellant's trial, the jury should have been apprised of this fact in order to intelligently assess Smith's credibility.

2. Apparently, this is the testimony to which the District Attorney referred in the pertinent passage of his direct examination of Smith when he said "a while ago it appeared there might have been a promise of leniency in your prosecution with me."

■ Of course, the mere assertion of the state's complicity in such a falsehood to produce a conviction, uncorroborated by competent evidence, does not entitle a convicted person to a new trial. For example, in *Commonwealth v. Sweeney*, 464 Pa. 425, 347 A.2d 286 (1975), the appellant claimed the prosecution's witness, an accomplice, perjured himself when he testified that he had not been offered a "deal" in return for his testimony. Appellant's sole evidentiary basis for this assertion was the alleged fact that appellant had previously been offered leniency had he cooperated in convicting his accomplice. The Supreme Court affirmed the conviction holding that this constituted merely a suspicion of perjury, and that suspicion without "some evidence" was insufficient to entitle appellant to a new trial. Contrast *Commonwealth v. Moehring*, 445 Pa. 400, 285 A.2d 487 (1971).

■ In the instant case we find that appellant has offered some evidence to corroborate his allegation that Smith's testimony concerning his agreement with the District Attorney may have been false. On the other hand, given the current state of the record, there is hardly enough evidence to compel that conclusion. In this regard, the instant case resembles *DeMarco v. United States*, 415 U.S. 449, 94 S.Ct. 1185, 39 L.Ed.2d 501 (1974), wherein the Court found:

"Unquestionably, had there been a promise to the witness prior to his testimony, *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and *Napue v. Illinois*, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959) would require reversal of petitioner's conviction. It is also clear that there was a plea bargain between the witness and the Government at some point, the question being whether it was made after or before petitioner's trial." 415 U.S at 450, 94 S.Ct. at 1185.

As in the instant case, the evidence of record of false testimony in *DeMarco* was insufficient to either affirm or reverse the judgment of sentence. Consequently, the Supreme Court remanded the case to the trial court for an

evidentiary hearing and findings of fact in that regard. We find that to be the proper result in this case. Should the hearing court determine on remand that Smith's testimony was false concerning a promise of immunity it should grant a new trial.[3]

Record is remanded for further proceedings consistent with this opinion.

HESTER, J., files a dissenting statement in which PRICE, J., joins.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I dissent. I would affirm on the Opinion of Judge Toothman of the court below.

PRICE, J., joins in this dissenting statement.

3. We recognize that Smith's testimony concerning his agreement with the District Attorney may have been inaccurate or incomplete in some inconsequential particular. If such is the case, we do not intend to foreclose the hearing court from finding that any error in the District Attorney's failure to correct it was harmless beyond a reasonable doubt. Cf. *Kilrow v. Commonwealth*, 89 Pa. 480, 485–86 (1879).