J-A30022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JASON S. WEISS :
:
Appellant : No. 763 EDA 2025

Appeal from the Judgment of Sentence Entered February 6, 2025
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000453-2023

BEFORE: LAZARUS, P.J., PANELLA, P.J.E., and SULLIVAN, J.

MEMORANDUM BY PANELLA, P.J.E.: **FILED FEBRUARY 13, 2026**

Jason S. Weiss appeals from the judgment of sentence entered in the

Monroe County Court of Common Pleas on February 6, 2025. On appeal, Weiss

challenges the trial court's denial of his pretrial motion to dismiss the charges

against him pursuant to Pennsylvania Rule of Criminal Procedure 600 ("Rule

600"). After careful review, we affirm.

As this case involves application of Rule 600, we need not recite the

facts underlying the crimes charged. However, for purposes of this appeal, the

trial court pertinently summarized the procedural history of this case as

follows:

> On January 11, 2023, [Weiss] was charged with two felony counts
> of Stalking and one misdemeanor count of Harassment. The
> charges stemmed from numerous incidents occurring between
> March and December of 2022, where [Weiss] was alleged to be
> stalking and harassing Roseann Sorrentino, his former paramour.

The preliminary hearing was initially scheduled for January 26, 2023, but was continued to February 23, 2023, at the request of the Magisterial District Justice (MDJ). On that date, after a contested hearing, the charges were held for court.

On April 17, 2023, [Weiss] was arraigned, and trial was scheduled for the August 2023 Trial Term. The parties were directed to appear for the final call of the trial list on August 11, 2023.

On August 1, 2023, ten days before the final call, [Weiss] filed a Notice of Alibi Defense. The notice identified three alibi witnesses, including [Weiss]'s brother, Jonanthan Dimmick ("Dimmick"), who, during the pendency of this case, had been charged with Unsworn Falsification to Authorities based on false statements he made to police regarding [Weiss]'s alibi in connection with this matter.

On August 3, 2023, the Commonwealth filed a motion to continue trial "in order to investigate the witness[es] and claims made within the defense's late alibi notice so that [the Commonwealth] can then appropriately respond." Appellant concurred in the motion. [The trial court] granted the continuance, rescheduled the matter to the October 2023 Trial Term, and ran the resulting delay against [Weiss].

On September 29, 2023, at the call of the October 2023 trial list, this matter was called for trial. At that time, the Commonwealth advised that it would be filing a motion to join this matter with Dimmick's case. The parties were directed to appear for Jury Selection on October 3, 2023.

On October 2, 2023, the day before jury selection, the Commonwealth filed two motions. The first was the motion to join this case and Dimmick's false statements case that it referenced during the call. The second was a motion to quash [Weiss]'s alibi defense as untimely.

On October 3, 2023, during jury selection proceedings involving multiple cases, a somewhat frenetic discussion, replete with Rule 600 posturing, ensued with respect to both motions and trial scheduling. The parties were aware that there were cases, including set-date felony trials, a prisoner matter, and a civil trial, ahead of this matter in the trial [queue]. Nonetheless, raising the specter of Rule 600 [Weiss]'s attorneys, who also represented

Dimmick, suggested that Dimmick's case, or at least one of the two cases, be tried during the October term in order to avoid excludable time based on judicial delay resulting from the [trial court's] unavailability to try the case when the Commonwealth was prepared for trial. At the same time, they opposed both of the Commonwealth's motions.

Likewise, the Commonwealth indicated it wanted to pursue its motions, but at the same time was ready to try Weiss if need be. Ultimately, the case was continued to the November 2023 trial term, the undersigned's next available term[.]

On October 10, 2023, [Weiss] filed an answer in opposition to the Commonwealth's motion to quash his alibi notice, an amended notice of alibi defense, and an objection to the Commonwealth's motion for joinder. Thereafter, [the trial court] issued an order scheduling a hearing on the Commonwealth's motions for December 7, 2023. In the order, [the trial court] removed the case from the November 2023 Trial Term.

After hearing, [the trial court] denied the Commonwealth's motion to quash and held the joinder motion under advisement. On December 11, 2023, [the trial court] denied the joinder motion and placed this case on the April 2024 trial term. The parties were directed to appear on April 5, 2024 for final call.

On March 19, 2024, [Weiss] filed a motion to compel discovery. A hearing was convened on March 28, 2024. At hearing, the motion was dismissed as moot, as the Commonwealth provided [Weiss] with the requested discovery – albeit late.

[Weiss] then made an oral motion to continue the case from the April 2024 trial term so that he had time to review the discovery in advance of trial. [The trial court] granted the continuance request, placed the matter on the May 2024 trial term, and ran the resulting delay against the Commonwealth.

On May 15, 2024, [Weiss] filed a motion to dismiss pursuant to Rule 600. A hearing on the motion was convened on June [11], 2024. [] The Commonwealth asked leave to file a brief. A briefing schedule was established. Both parties complied and filed briefs.

On August 19, 2024, [the trial court] denied the motion to dismiss finding that 365 countable days had not elapsed. The matter was then placed on the October 2024 Trial Term.

Thereafter, by agreement of the parties, the Information was amended to charge [fourteen] summary counts – eight counts of harassment and six counts of criminal mischief – and the matter was set for a non-jury trial.

Trial Court Opinion, 6/24/25, at 1-5 (citations and footnotes omitted).

On November 18, 2024, following a non-jury trial, the trial court convicted Weiss of five counts of harassment, 18 Pa.C.S.A. § 2709(a)(3), and two counts of criminal mischief, 18 Pa.C.S.A. § 3304(a)(5). On February 6, 2025, the trial court sentenced Weiss to an aggregate term of one year of probation plus costs and fines. The Commonwealth filed a motion for reconsideration of sentence requesting restitution and a no-contact order for the victim. On March 7, 2025, following a hearing, the trial court granted the Commonwealth's motion and amended the judgment of sentence accordingly. This timely appeal followed.

On appeal, Weiss raises the single issue of whether the trial court abused its discretion in denying his pretrial motion to dismiss pursuant to Rule 600. Our standard of review of a trial court's denial of a Rule 600 motion is as follows:

In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly

- 4 -

unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.

The proper scope of review is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime. In considering these matters ... courts must carefully factor into the ultimate equation not only the prerogatives of the individual accused, but the collective right of the community to vigorous law enforcement as well.

*Commonwealth v. Faison*, 297 A.3d 810, 821 (Pa. Super. 2023) (citation, brackets, and emphasis omitted).

Generally, under Rule 600, the Commonwealth must bring a defendant to trial within 365 days of filing the criminal complaint. *See* Pa.R.Crim.P. 600(A)(2)(a).

In a Rule 600 analysis, the "mechanical run date" is 365 days after the complaint was filed. The "adjusted run date" is then calculated by adding any time that is "excluded from the computation" under Rule 600(C)(1). If a defendant is not brought to trial by the adjusted run date, the case is dismissed.

- 5 -

***Commonwealth v. Malone***, 294 A.3d 1247, 1249 (Pa. Super. 2023) (citations omitted). In determining the adjusted run date, Rule 600 further explains:

> periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the time within which trial must commence. Any other periods of delay shall be excluded from the computation.

Pa.R.Crim.P. 600(C)(1); ***see also*** Pa.R.Crim.P. 600, cmt. ("If the delay occurred as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded.") (citations omitted).

Importantly, we note that in 2012, the Pennsylvania Legislature enacted the new Rule 600, as outlined above, effective as of July 1, 2013. The general dictates of the new Rule 600 remained the same as they were prior to adoption, but the prior distinctions between excludable time and excusable delay were abandoned for a streamlined review of the Commonwealth's due diligence, with a failure to exercise due diligence being considered "includable time." ***Commonwealth v. Wiggins***, 248 A.3d 1285, 1289 (Pa. Super. 2021) (citation omitted).

Our Supreme Court recently explained that the first sentence of Rule 600(C)(1) provides "the general rule" and establishes "two requirements that must be met for delay to count toward the 365-day deadline: (1) the Commonwealth caused the delay and (2) the Commonwealth failed to exercise due diligence." ***Commonwealth v. Lear***, 325 A.3d 552, 560 (Pa. 2024)

(citations and internal quotation marks omitted). The *Lear* Court clarified that "the causation analysis precedes the due diligence inquiry, and it is only when the Commonwealth both caused the delay and lacked due diligence that the delay is properly included in the Rule 600 calculation." *Id.* at 560 n.7.

"Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Commonwealth v. Selenski*, 994 A.2d 1083, 1089 (Pa. 2010) (citation omitted). Due diligence must be demonstrated by a preponderance of the evidence. *See Wiggins*, 248 A.3d at 1289. Rule 600 "expressly calls upon a trial court to assess the Commonwealth's due diligence throughout the life of a case, when faced with a claim that the Commonwealth violated a defendant's speedy trial rights." *Commonwealth v. Harth*, 252 A.3d 600, 617 (Pa. 2021).

Addressing the second sentence of Rule 600(C)(1), the *Lear* Court explained that "'any other periods of delay' — meaning any periods of delay not caused by the Commonwealth or not resulting from the Commonwealth's lack of due diligence — are 'excludable' and are removed from the computation of the Rule 600 deadline." *Lear*, 325 A.3d at 560 (brackets and citation omitted).

Here, the mechanical run date — 365 days from the date of the filing of the complaint — was January 11, 2024. The trial court attributed 226 days to normal case progression or solely to the Commonwealth that are not

challenged in this appeal. **See** Appellant's Brief, at 20; **see also** Trial Court Opinion, 6/24/25, at Appendix.

This appeal implicates only two disputed timeframes: (1) 59 days between August 1, 2023 and October 2, 2023, and (2) 177 days between October 2, 2023 and March 28, 2024. Weiss's primary contentions for these time periods are respectively, that the Commonwealth failed to exercise due diligence by filing an untimely joinder motion and failing to pass timely discovery.

Relevant to the first disputed time period, on August 1, 2023, Weiss filed a late notice of alibi defense, only 10 days prior to the initial call of the trial list. Notably, Weiss does not contest the late nature of this filing; he merely argues he had a good reason for the lateness. Two days later, on August 3, 2023, the Commonwealth filed a motion to continue in order to investigate the alleged alibi. Importantly, Weiss concurred in this motion. The Commonwealth subsequently filed its motions to quash and for joinder on October 2, 2023. Weiss argues the Commonwealth is responsible for this time frame and failed to exercise due diligence during that time.

The trial court, while acknowledging Weiss's belief that he had a legitimate reason for filing his alibi notice late, nevertheless determined that "the timing of the notice and notions of fairness required that the Commonwealth be granted a continuance to investigate the defense." Trial

Court Opinion, 6/24/25, at 15. Since Weiss's filing prompted the need for a continuance, the court concluded exclusion was proper. ***See id.***

As Weiss concedes he concurred with the continuance he now takes issue with, and because he never objected to this time explicitly being counted against him, we find his challenge to this first time period waived.

> A defendant has no duty to object when his trial is scheduled beyond the Rule [600] time period so long as he does not indicate that he approves of or accepts the delay. If the defense does indicate approval or acceptance of the continuance, the time associated with the continuance is excludable under Rule 600 as a defense request. Significantly, when the defendant signs the Commonwealth's motion for postponement and registers no objection to the postponement, and the motion indicates trial will be scheduled beyond the Rule 600 time limit, the signed consent without objection can be interpreted as consent to the new date and waiver of any Rule 600 claim arising from that postponement. Finally, judicial delay is a justifiable basis for an extension of time if the Commonwealth is ready to proceed.

***Commonwealth v. Hunt***, 858 A.2d 1234, 1238-1239, 1241 (Pa. Super. 2004) (en banc), *appeal denied*, 875 A.2d 1073 (Pa. 2005).

Next, relevant to the second disputed timeframe, we reiterate that on October 2, 2023, the day before jury selection, the Commonwealth filed a motion for joinder and a motion to quash the alibi defense. On October 3, 2023, following an on the record discussion, which included mentions of possible Rule 600 implications, and a defense objection to the Commonwealth's motions, the trial court continued the trial in order to properly respond to the motions.

On October 10, 2023, Weiss filed an answer in opposition to the Commonwealth's motion to quash his alibi notice, an amended notice of alibi defense, and an objection to the Commonwealth's motion for joinder. After a hearing, the court denied the Commonwealth's motion to quash and held the joinder motion under advisement. On December 11, 2023, the court denied the joinder motion and placed the case on the April 2024 trial term.

On December 20, 2023, the Commonwealth filed a reciprocal notice of alibi witnesses pursuant to Pa.R.Crim.P. 567(C). **See** Commonwealth's Reciprocal Notice of Witnesses, 12/20/23; **see also** Pa.R.Crim.P. 567(C) (A response to a defendant's notice of defense of alibi requires the Commonwealth to serve defendant with "written notice of the names and addresses of all witnesses the attorney for the Commonwealth intends to call to disprove or discredit the defendant's claim of alibi."); **see also Commonwealth v. Jackson**, 319 A.2d 161, FN6 (Pa. 1974) ("Due process requires that if an accused is compelled to comply with a notice-of-alibi rule, the Commonwealth must reciprocate and provide the names and addresses of all witnesses who will be called to refute accused's alibi, regardless of whether the witnesses will be called in rebuttal or in the Commonwealth's case in chief.").

On March 19, 2024, Weiss filed a motion to compel discovery, pursuant to Pa.R.Crim.P. 573, asserting that upon review of the Commonwealth's reciprocal notice, "defense counsel noticed that Detective Webbe, Google LLC,

and Verizon were listed as potential alibi witnesses, and [Weiss] had not received any discovery that connected Detective Webbe, Google LLC, or Verizon to this case." Motion to Compel Discovery, 3/19/24, at ¶ 7. Weiss detailed email exchanges with the Commonwealth to attempt to receive the requested information, and requested the court to compel the production of the requested discovery. *See id.* at ¶ 8-15.

On March 28, 2024, following a hearing, the court dismissed the motion to compel as moot, as the Commonwealth had already provided Weiss with the requested discovery. *See* Order, 3/28/24, at ¶ 1. At the same time, the court granted Weiss's motion for a continuance, so he could review the discovery provided. *See id.* at ¶ 2. The subsequent delay of trial, resulting from that continuance, was run against the Commonwealth. *See id.* at ¶ 3.

On appeal, Weiss argues the Commonwealth was not trial ready between October 3, 2023 and March 28, 2024, because it failed to turn over full discovery until that time, and delayed trial with a late-filed motion for joinder. *See* Appellant's Brief, at 20-24 (relying heavily on *Harth*, 252 A.3d at 618, in which our Supreme Court held that a trial court is required to determine whether the Commonwealth acted with due diligence in bringing a defendant to trial before it could consider whether its own unavailability was excludable from calculation of 365-day speedy trial period); *see also id.* at 27.

As to the Commonwealth's motions, the trial court determined "in light of the entire history of this case, and considering the Dimmick prosecution, delay occasioned by the motions resulted from a combination of good faith filings submitted, strategic decisions made, and reasonable arguments advanced by both parties, not just the Commonwealth, and took into consideration Dimmick's objection to joinder." *Id.* at 17-18. Accordingly, the trial court concluded that "[s]ince delay resulting from the time needed to resolve the alibi and joinder issues is attributable to both parties[] the delay is excludable." *Id.* at 18.

We find it questionable whether it could be said that the Commonwealth caused the delay in question. We agree with the trial court that the Commonwealth's motions "were not filed in a vacuum." Trial Court Opinion, 6/24/25, at 17. Similarly, the at-issue discovery also did not occur in a vacuum. Rather, the Commonwealth's motions, as well as the need for supplemental discovery, occurred in direct response to Weiss's undisputed late alibi notice. The Commonwealth, as required by Rule 567(C), responded to Weiss's notice of alibi, by providing its own potential witnesses who could refute that defense. The supplemental discovery was only requested as a result of this reciprocal notice, not because of any outstanding discovery related to the Commonwealth's case in chief. Said another way, but for Weiss's delayed decision to seek an alibi defense, the Commonwealth had previously passed discovery, and had been ready to proceed to trial.

However, we do not reach a determination of whether or not this conclusion was proper, as even if we assume *arguendo*, that this disputed time period was, at least in part, in the Commonwealth's control, we cannot find the trial court abused its discretion in its secondary conclusion that the Commonwealth acted with due diligence during this time. **See** Trial Court Opinion, 6/24/25, at 18.

Once Weiss requested the supplemental discovery related to the alibi defense, the record shows that the Commonwealth responded to emails from defense counsel in an attempt to get the requested information to Weiss. This is further shown by the trial court's dismissal of the motion to compel as moot, as the Commonwealth had already given Weiss the requested discovery by the time the hearing on the motion occurred, which was only just over one week after the motion to compel was filed. Under these circumstances, we cannot conclude the trial court abused its discretion in finding the Commonwealth exercised due diligence during this time frame, even if we assume *arguendo* that any of this time could be attributed to the Commonwealth. We find the court properly charged the subsequent continuance time to the Commonwealth in order for Weiss to review the supplemental discovery.

For the reasons above, we conclude the trial court did not err in denying Weiss's Rule 600 motion. **See** Pa.R.Crim.P. 600, cmt. ("If the delay occurred

as the result of circumstances beyond the Commonwealth's control and despite its due diligence, the time is excluded.") (citations omitted).

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/13/2026